1866

Janet Arlene ECKHARDT, Appellant v.
Richard Joseph ECKHARDT, Respondent.
(420 S.E. (2d) 875)

Court of Appeals

*F. P. Segars-Andrews,* Charleston, *for appellant.*

*Hans F. Paul,* Charleston, *for respondent.*

Heard June 9, 1992; Decided Aug. 10, 1992.

Reh. Den. Sept. 10, 1992.

SHAW, Judge:

Appellant Janet Arlene Eckhardt (Janet) brought this action in Berkeley County asking the Family Court to equitably divide the military retirement of her ex-husband Respondent Richard Joseph Eckhardt (Richard), and to divide all marital assets. Richard answered alleging the court lacked subject matter jurisdiction. Richard then filed a Motion to Dismiss. The family court dismissed the action. We reverse.

The parties were married January 4, 1967 and during the marriage Richard was in military service and stationed in various locations.

In 1982, Richard was stationed in North Carolina. He brought an action for divorce in that state. He served Janet by mail who was then living in Kentucky. The complaint asked for a no-fault divorce on the ground of one-year separation, custody of the children to Janet, and child support but there was no request for a division of property. Janet did not file· any responsive pleadings and did not appear in the North Carolina court. A North Carolina court granted a divorce on June 7, 1982.

The issue before us is whether an action for division of marital property can be maintained following a divorce under the provisions of the Equitable Apportionment of Marital Property Act of 1986, S. C. Code Annotated 20-7-472 (1976).

The act provides:

> In a proceeding for a divorce a vinculo matrimonii or separate support and maintenance, or in proceeding for disposition of property following a prior decree or dissolution of a marriage by a court which lacked personal jurisdiction over an absent spouse or which lacked jurisdiction to dispose of the property, and in other marital litigation

between the parties, the court shall make a final equitable apportionment between the parties of the parties' marital property upon the request by either party in the pleadings.

The effective date of the act is June 13, 1986 and provides:

The act shall take effect upon approval by the Governor and shall apply to all actions then pending in which a notice of intention to appeal has not been filed and in all actions thereafter filed in the family courts of this State.

This matter was filed September 5, 1990.

Military retirement benefits accrued during marriage constitutes a joint investment of both parties. Typically, as in this case, a military spouse must move from place to place and consequently forfeit a separate career or make other outstanding contributions in support of the marriage. Military retirement pay is essentially compensation for past services. We conclude vested military retirement benefits constitute an earned property right which, if accrued during the marriage, are subject to equitable distribution. *Accord In re Marriage of Gallo*, 752 P. (2d) 47 (Colo. 1988). *Tiffault v. Tiffault*, 303 S. C. 391, 401 S. E. (2d) 157 (1991).

Reversed.

GARDNER, J., and LITTLEJOHN, Acting Judge, concur.