884 P.2d 210

**In re the MARRIAGE OF Michael T. CRAWFORD, Petitioner/Appellant,**

**and**

**Leslie Joanne Crawford, Respondent/Appellee.**

**No. 2 CA–CV 93–0203.**

Court of Appeals of Arizona, Division 2, Department B.

April 29, 1994
As Corrected June 3, 1994.

Review Denied Nov. 29, 1994.

Curtis & Cunningham by Marjorie Fisher Cunningham, Tucson, for petitioner/appellant.

Law Offices of Victoria Ann King, P.C. by Victoria Ann King, Tucson, for respondent/appellee.

## OPINION

ESPINOSA, Presiding Judge.

Petitioner/appellant Michael T. Crawford appeals from the trial court's order awarding respondent/appellee Leslie Joanne Crawford (now known as Leslie Joanne Valdez) a portion of the Special Separation Benefits (SSB) Michael received for voluntarily separating from the Air Force. Michael argues that the trial court exceeded its jurisdiction in making the award, that the injunction it issued restraining him from disposing of the SSB funds was unenforceable, and that the court abused its discretion in imposing a lien on his real property in order to secure the judgment. We affirm.

### Factual and Procedural Background

The parties' 1989 dissolution decree awarded Leslie 32½ percent of Michael's military retirement benefits. At the time, Michael was on active duty with the United States Air Force. In October 1992, after 19 years and three months' service, Michael voluntarily left the Air Force pursuant to a "reduction in force" program and elected to receive a lump-sum SSB payment based upon his years of service, in lieu of eligibility to re-enlist or receive retirement and other benefits.[1] Leslie subsequently filed a petition for

---

1. The SSB payment is calculated at the service member's basic pay × 12 × 15% × number of

an order to show cause, seeking 32½ percent of the SSB payment. Michael moved to dismiss for lack of subject matter jurisdiction. Pending a hearing on October 21, the trial court enjoined Michael "from disposing of, or in any other way, alienating 32½ percent of the gross of any funds he receives from the United States Government as a result of his separation or termination of service with the United States Air Force." The hearing was continued to November 18, 1992, but was subsequently vacated. Michael thereafter used the SSB payment to purchase a home.

No further action was taken until April 1993 when Leslie filed an amended order to show cause petition. After a hearing, the trial court found that "[w]hether it be said that the funds ... represented the proceeds from the sale of [Michael's] retirement benefits, or was a payment in lieu of retirement benefits, or was 'Petitioner's military retirement benefits' within the meaning of paragraph F of the Decree of Dissolution ...,  [Leslie] is entitled to her proportionate part pursuant to the decree." The court ordered judgment in favor of Leslie in the amount of $14,391,[2] and granted her a lien on Michael's residence to secure payment of the judgment.

### Divisibility of the SSB Payment

■ On appeal, Michael first contends that the trial court lacked subject matter jurisdiction to award any portion of his SSB to Leslie as a matter of federal preemption and congressional intent, citing *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which held that division of military retirement benefits is a decision for Congress alone. Subject matter jurisdiction is a question of law; our review is therefore de novo. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d

47 (1966); *Hughes v. Creighton*, 165 Ariz. 265, 798 P.2d 403 (App.1990).

Michael argues that although the Uniformed Services Former Spouses' Protection Act (USFSPA)[3] now gives states express authority to treat military retirement benefits as community property, when Congress created the SSB program,[4] it enacted no provision authorizing state courts to divide SSB payments in dissolution actions. Michael cites personal correspondence with a congresswoman referring to "not enough support" by an armed forces subcommittee for a 1992 "discussion draft" amendment specifically making the USFSPA applicable to the SSB program. Although Michael asserts "the information" was provided to the trial court, it was not made a part of the record on appeal and Michael failed to provide a transcript of the hearing. Whether the post-enactment discussion draft should be considered authoritative as urged by Michael or evidentiary and precluded as urged by Leslie need not be decided since, in any event, we find it to have little bearing on congressional intent. We find more relevant a 1990 House Report predating the enactment of the SSB program which in relation to the congressionally mandated "force drawdown" recommended "a comprehensive package of transition benefits to assist separating personnel *and their families,*" H.R.Rep. No. 665, 101st Cong., 2d Sess. (1990) (emphasis added), suggesting that equitable division of SSB benefits is not inconsistent with congressional intent.[5]

■ More importantly, Michael concedes that he gave up his accrued retirement benefits in order to receive SSB. Whether the SSB payment represented proceeds from Michael's retirement or was payment in lieu of retirement benefits, clearly some portion of it was attributable to retirement funds. Pension plans are a form of deferred com-

---

years' active duty in the armed forces, as well as the member's rank or grade.

2. The court found that Michael had been paid $44,281 based on his testimony, although he failed to provide requested documentation. To calculate Leslie's share, the court multiplied $44,281 by 32½ percent.

3. 10 U.S.C. § 1408.

4. 10 U.S.C. § 1174a.

5. We note that literature distributed by the Department of Defense explaining the Voluntary Separation Incentives and Special Separation Benefits programs states, "The treatment of VSI or SSB is not dictated by Federal law. It will be up to the state courts to rule on the divisibility of these incentives."

pensation for services rendered, and any portion of a plan earned during marriage is community property subject to equitable division at dissolution. *Koelsch v. Koelsch,* 148 Ariz. 176, 713 P.2d 1234 (1986). An employee spouse cannot defeat the nonemployee spouse's interest in retirement benefits by invoking a condition wholly within his or her control. *Id.* In a similar case, we held that a community interest in military retirement benefits cannot be transformed into separate property by one spouse's electing to forego a portion of retirement pay in exchange for disability benefits. *Perras v. Perras,* 151 Ariz. 201, 726 P.2d 617 (App.1986). *See also In re Marriage of Stenquist,* 21 Cal.3d 779, 582 P.2d 96, 148 Cal.Rptr. 9 (1978) (one spouse may not by unilateral election of a military disability pension transmute community property into his own separate property). We conclude that the trial court had jurisdiction to treat Michael's SSB payment as a community asset under 10 U.S.C. § 1408 and award an equitable portion of it to Leslie.

Michael additionally argues that the SSB payment was severance pay, not retirement, and therefore his separate property, citing *Kuzmiak v. Kuzmiak,* 176 Cal.App.3d 1152, 222 Cal.Rptr. 644, *cert. denied,* 479 U.S. 885, 107 S.Ct. 276, 93 L.Ed.2d 252 (1986). We find *Kuzmiak* inapposite because it involved separation pay for an involuntary discharge under 10 U.S.C. § 1174, not a voluntary separation under 10 U.S.C. § 1174a. Separation pay, unlike other benefits based upon longevity of service, does not serve to compensate for past services. *Kuzmiak, supra.* Here, Michael acknowledges that he gave up his retirement as well as other benefits, but argues that there was no evidence as to what portion of the SSB was to compensate for the loss of his retirement benefits. Because Michael failed to provide such information to the trial court, he cannot now assert a lack of evidence that was his duty to produce.[6] *See Nienstedt v. Wetzel,* 133 Ariz. 348, 651 P.2d 876 (App.1982) (defendant attacking punitive damage award may not complain of lack of evidence of his wealth when he made no effort to introduce such evidence). Furthermore, because Michael has not provided us with a transcript of the hearing, we must assume that the evidence presented to the trial court was sufficient to support its find-

ings. *Hardin v. Hardin,* 163 Ariz. 501, 788 P.2d 1252 (App.1990).

### The Temporary Injunction

■ Michael next argues that the order which enjoined him from disposing of 32½ percent of the gross SSB "[p]ending the continued hearing" was not enforceable because it had expired on the original hearing date of November 18. He also raises a new challenge on appeal that Leslie failed to post a bond for the injunction as required by Ariz. R.Civ.P. 65(e), 16 A.R.S. We need not address these arguments because the issue is moot. The temporary injunction was neither challenged, appealed nor enforced prior to its expiration, and no sanction was imposed on Michael for disregarding it. Moreover, our review is limited to those rulings and orders of the trial court which necessarily affect the validity of the judgment being challenged on appeal. A.R.S. § 12–2101(A); *Truck Insurance Exchange v. State Compensation Fund,* 138 Ariz. 116, 673 P.2d 314 (App.1983).

### The Property Lien

■ Finally, Michael contends that the trial court abused its discretion in granting Leslie a lien on his real property to secure payment of the judgment. He first argues that although A.R.S. § 25–318(C) gives the trial court authority to impress a lien upon marital property to secure payment to the other party, no evidence was before the court that his residence was the parties' marital property. Section 25–318(C), however, is not limited to marital property and allows the court to "impress a lien upon the separate property of either party ... in order to secure the payment of any interest or equity the other party has in or to such property." Michael nevertheless argues that because there was no evidence Leslie "had equity" in his house, the statute is inapplicable. We disagree. Section 25–318(C) expressly extends to "any interest" in the property. There is no dispute that Michael used the SSB payment, including Leslie's 32½ percent share, to purchase the real property. Furthermore, a trial court may impose a lien upon the separate property of a former spouse in order to enforce its division of community property. *See In re Marriage of*

---

**6.** The trial court found Michael in contempt for failing to comply with a subpoena duces tecum ordering him to bring all documents pertaining to SSB sums he had received from the Air Force.

*Benge,* 151 Ariz. 219, 726 P.2d 1088 (App. 1986). The trial court did not abuse its discretion in awarding Leslie a lien on Michael's real property to the extent of her share of the SSB.

We agree with Michael that the court's order lacked the legal description of the property as required by § 25–318(C). Under Ariz.R.Civ.P. 58(a), 16 A.R.S., however, a court may enter a judgment nunc pro tunc "in such circumstances and on such notice as justice may require." In view of the fact that neither title nor identity of the real property is in dispute, we see no impediment to the trial court correcting this omission.

The judgment of the trial court is affirmed but remanded with directions to add the legal description of the property subject to the lien.

DRUKE, C.J., and HATHAWAY, J., concur.