638 So.2d 160 (1994)
Richard L. ABERNETHY, Appellant/Cross-Appellee,
v.
Monica R. FISHKIN a/k/a Monica R. Abernethy, Appellee/Cross-Appellant.
No. 93-661.
District Court of Appeal of Florida, Fifth District.
June 10, 1994.
*161 Daniel D. Mazar of Mead and Mazar, Winter Park, for appellant/cross-appellee.
Judith E. Atkin, Melbourne, for appellee/cross-appellant.
DIAMANTIS, Judge.
Richard L. Abernethy (the husband) appeals the trial court's order enforcing the parties' final judgment of dissolution and awarding attorney's fees to Monica R. Fishkin (the wife). The wife cross-appeals the trial court's order because it fails to award all of her attorney's fees. We affirm the trial court's order to the extent that it enforces the parties' final judgment of dissolution but reverse the award of attorney's fees and remand this cause for further proceedings consistent with this opinion.
In January 1992, the trial court entered a final judgment dissolving the parties' 16-year marriage and incorporating the provisions of their property settlement agreement. At the time of dissolution, the husband was a member of the United States Air Force. The agreement provided that the wife would receive twenty-five percent (25%) of the husband's military retirement pay pursuant to the Uniformed Services Former Spouses Protection Act (hereinafter the "USFSPA").[1] Relative to this provision, the husband agreed not to merge his retired or retainer pay with any other pension and, further, not to pursue any course of action that would defeat the wife's right to receive a portion of the husband's full net disposable retired or retainer pay. The husband also agreed to self-implement the provisions of the parties' property settlement agreement either by making direct payments to the wife or by taking other action as required to effectuate the intent and spirit of the parties' agreement if, for any reason, the military became unable to implement the trial court's final judgment with regard to the husband's military retirement.
In March 1992, faced with the government's planned reduction in force, the husband chose voluntary separation from the United States Air Force. According to his affidavit, the husband's voluntary separation options included the Special Separation Bonus (SSB) (a lump-sum payment)[2] and the Voluntary Separation Incentive Program (VSI) (an annuity).[3] The husband selected the VSI option and was honorably discharged from the Air Force. Pursuant to the provisions of the VSI program, the husband will receive annual payments for 32 years (twice the number of years of service).[4]
The wife thereafter filed enforcement proceedings in the circuit court in which she contended that, by voluntarily separating from the Air Force under the VSI program, the husband had pursued a course of action that defeated her right to receive a portion of the husband's military retirement pay and, thereby, had violated the provisions of the parties' property settlement agreement and the final judgment of dissolution. The trial court granted the wife's request for enforcement by ordering the husband to pay to the wife 25% of every VSI payment immediately upon its receipt.
In attacking the trial court's order of enforcement, the husband's principal contention[5] is that, under the doctrine of federal *162 preemption, the trial court lacked authority to order him to pay 25% of his VSI payments to the wife regardless of the provisions contained in the parties' property settlement agreement and the final judgment. In McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the United States Supreme Court held that federal law precluded state courts from distributing military retirement benefits in marital dissolution proceedings because such distribution frustrated the objectives of the federal military retirement scheme. Congress responded to the McCarty decision by enacting the USFSPA, which allows state courts to treat a service member's disposable retired or retainer pay as property subject to equitable distribution.[6] The husband argues that, under the reasoning of McCarty, federal law precludes state courts from distributing VSI benefits in dissolution proceedings because such distribution frustrates Congress's intent in enacting the VSI program. The husband further argues that the USFSPA does not authorize state courts to distribute VSI because VSI does not constitute retired or retainer pay.
We reject these arguments based upon the reasoning set forth by the court in In re Marriage of Crawford, No. 2 CA-CV 93-0203, 1994 WL 155101 (Ariz. Ct. App. Apr. 29, 1994). In that case, a 1989 dissolution decree awarded the wife 32.5% of the husband's military retirement benefits. In 1992, the husband voluntarily separated from the Air Force under the SSB option, and the wife filed an enforcement petition seeking 32.5% of the husband's lump-sum SSB payment. In discussing Congress's intent in enacting the SSB and VSI programs, the Arizona court stated:
We find more relevant a 1990 House Report predating the enactment of the SSB program which in relation to the congressionally mandated "force drawdown" recommended "a comprehensive package of transition benefits to assist separating personnel and their families," H.R.Rep. No. 665, 101st Cong., 2d Sess. (1990) (emphasis added), suggesting that equitable division of SSB benefits is not inconsistent with congressional intent.([FN5])
[FN5] We note that literature distributed by the Department of Defense explaining the Voluntary Separation Incentives and Special Separation Benefits programs states, "The treatment of VSI or SSB is not dictated by Federal law. It will be up to the state courts to rule on the divisibility of these incentives."
1994 WL 155101, at *1, *3. The court affirmed the trial court's order awarding the wife a portion of the husband's SSB payment.
The purpose of the VSI program is to "offer a voluntary separation incentive in the form of an annuity to active duty personnel who elect to voluntarily separate in order to avoid the possibility of facing selection for involuntary separation or denial of reenlistment." H.R.Conf.Rep. No. 311, 102d Cong. 1st Sess. (1991). As with military retirement, VSI payments primarily are based on the recipient's ending salary and years of service.[7] While some commentators are of the view that VSI payments do not constitute retired or retainer pay,[8] one court has referred to VSI and SSB benefits as "inducements to elect early retirement." Elzie v. Aspin, 841 F. Supp. 439, 440 (D.D.C. 1993). Further indicating Congress's intent to treat VSI benefits in the same manner as retirement benefits are the facts that VSI benefits, like retired pay, are reduced by the amount *163 of any disability payments the member receives[9] and that the Retirement Board of Actuaries administers both the VSI Fund and the Military Retirement Fund.[10]
Our conclusion that the trial court has authority to order the husband to pay a portion of his VSI benefits to the wife also is supported by the Supreme Court's decision in Rose v. Rose, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987). In Rose, the Court held that federal laws preventing the attachment of veterans' disability benefits do not preclude state courts from enforcing, by contempt, child-support orders even where such disability benefits represent the veteran's only source of income and would necessarily be used to pay child support. Rose, 481 U.S. at 635-36, 107 S.Ct. at 2038-39. The Court noted that "these benefits are intended to support not only the veteran, but the veteran's family as well." Id. at 634, 107 S.Ct. at 2038.[11]
Even assuming, arguendo, that Congress has not authorized state courts to distribute VSI benefits, we still would affirm the trial court's order enforcing the parties' property settlement agreement because the trial court's order does not purport to assign or award VSI benefits to the wife. Instead, the order merely requires the husband to pay to the wife 25% of every VSI payment immediately upon its receipt in order to insure the wife a steady monthly payment pursuant to the terms of the parties' property settlement agreement.[12] Further, the husband specifically agreed that he would take no action which would defeat the wife's right to receive 25% of his retirement pay and that, if necessary, he would self-implement the agreement's payment provisions. By unilaterally electing VSI benefits and refusing to make payments to the wife, the husband has breached these provisions of the parties' property settlement agreement. Under these circumstances, the trial court was authorized to enforce the agreement and the final judgment by requiring the husband to make the agreed payments from his personal funds regardless of their source.[13]See Clauson v. Clauson, 831 P.2d 1257, 1262-64 (Alaska 1992); Hapney v. Hapney, 824 S.W.2d 408, 409-10 (Ark. Ct. App. 1992); McHugh v. McHugh, 124 Idaho 543, 861 P.2d 113, 115-16 (Ct.App. 1993); Owen v. Owen, 14 Va. App. *164 623, 419 S.E.2d 267, 269-70 (1992).[14]
We agree, however, with the husband's contention that the trial court erred in awarding attorney's fees. First, the trial court erred by refusing to allow evidence of the wife's need for attorney's fees. Attorney's fees awarded pursuant to section 61.16, Florida Statutes (1993), must be based on the need of the party seeking the fees and the ability of the other party to pay these fees. McClish v. Lee, 633 So.2d 56, 58 (Fla. 5th DCA 1994) (en banc). Statutory fees awarded pursuant to section 61.16 are not based upon a prevailing-party standard. Thornton v. Thornton, 433 So.2d 682, 684 (Fla. 5th DCA), rev. denied, 443 So.2d 980 (Fla. 1983). Additionally, the trial court erred in failing to comply with the requirements of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150-51 (Fla. 1985). The trial court did not make specific findings as to the reasonable number of hours expended and the reasonable hourly rate. Sunday v. Sunday, 610 So.2d 62, 62 (Fla. 3d DCA 1992).
Accordingly, we affirm the trial court's order enforcing the final judgment of dissolution but reverse the award of attorney's fees and remand this cause to the trial court for further proceedings consistent with this opinion.[15]
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and PETERSON, JJ., concur.
NOTES
[1] The USFSPA is currently codified at 10 U.S.C.A. § 1408 (West 1983 & Supp. 1994).
[2] See 10 U.S.C.A. § 1174a (West Supp. 1994).
[3] See 10 U.S.C.A. § 1175 (West Supp. 1994).
[4] The husband's annual VSI payments are calculated as follows: 2.5% x final monthly basic pay x 12 months x 16 years of service. See 10 U.S.C.A. § 1175(e)(1) (West Supp. 1994).
[5] The husband argues that the trial court employed an improper procedure when it granted the wife's motion for summary judgment in these enforcement proceedings. The record reflects that, although the trial court orally granted summary judgment, the court's subsequent written order granted the wife's motion for enforcement. More importantly, the issue before the trial court was one of law because the parties' pleadings and the husband's affidavit and deposition presented no factual dispute for the court's resolution.

We further reject the husband's contention that the trial court lacked subject matter jurisdiction to grant the wife's motion for enforcement. See Work v. Provine, 632 So.2d 1119, 1121 (Fla. 1st DCA 1994); Seng v. Seng, 590 So.2d 1120, 1121 (Fla. 5th DCA 1991). See also Clauson v. Clauson, 831 P.2d 1257, 1261 (Alaska 1992). The trial court's order enforced the final judgment's provisions prohibiting the husband from pursuing any course of action which would defeat the wife's right to receive a portion of the husband's full net disposable retired or retainer pay. The order did not modify the parties' agreement and judgment because the "order did not alter the extent of the benefits due to the wife under the agreement, but only the method of payment." Work v. Provine, 632 So.2d at 1122. See also McHugh v. McHugh, 124 Idaho 543, 861 P.2d 113, 115 (Ct.App. 1993).
[6] See 10 U.S.C.A. § 1408(c) (West Supp. 1994).
[7] See 10 U.S.C.A. § 1175(e)(1) (West Supp. 1994).
[8] See Major Michael H. Gilbert, A Family Law Practitioner's Road Map to the Uniformed Services Former Spouses Protection Act, 32 Santa Clara L.Rev. 61 (1992); Captain Allison A. Polchek, Department of the Army Pamphlet XX-XX-XXX, Recent Property Settlement Issues for Legal Assistance Attorneys, Army Law., Dec. 1992, at 4.
[9] See 10 U.S.C.A. § 1175(e)(4) (West Supp. 1994).
[10] See 10 U.S.C.A. § 1175(h)(4) (West Supp. 1994).
[11] Under the USFSPA, the term "disposable retired pay" is defined as the total monthly retired or retainer pay less any amount received on account of disability. 10 U.S.C.A. § 1408(a)(4)(C), (a)(7) (West Supp. 1994). Consequently, a state court lacks the authority, apparently even when presented with a property settlement agreement, to directly award that portion of the member's retirement which constitutes disability benefits. See Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989); McMahan v. McMahan, 567 So.2d 976 (Fla. 1st DCA 1990); Clauson v. Clauson, 831 P.2d 1257 (Alaska 1992); Owen v. Owen, 14 Va. App. 623, 419 S.E.2d 267 (Ct.App. 1992). Notwithstanding Mansell, state courts may consider the impact of a veteran's disability payments in determining the "entire equitable distribution scheme contemplated by the parties in an effort to do equity and justice to both." McMahan, 567 So.2d at 980. See also Clauson, 831 P.2d at 1263.
[12] See Board of Pension Trustees of the City General Employees Pension Plan v. Vizcaino, 635 So.2d 1012 (Fla. 1st DCA 1994). We recognize that the order provides that, in the event it becomes possible for the military to make payments to the wife, the trial court reserves jurisdiction to sign any additional orders that may be necessary to effect direct payment. The husband does not contend, however, that the trial court's order requires the military to make direct payments.
[13] Once a judgment of dissolution becomes final, the parties may be precluded from attacking the property settlement agreement on which the judgment is based. See In re Marriage of Mansell, 217 Cal. App.3d 219, 265 Cal. Rptr. 227, 231-32 (1989), cert. denied, mandamus denied, 498 U.S. 806, 111 S.Ct. 237, 112 L.Ed.2d 197 (1990); Tarver v. Tarver, 557 So.2d 1056, 1062 (La. Ct. App.), writ denied, 563 So.2d 877 (La. 1990); Maxwell v. Maxwell, 796 P.2d 403, 407 (Utah Ct.App. 1990). Cf. McMahan v. McMahan, 567 So.2d 976 (Fla. 1st DCA 1990) (setting aside property settlement agreement on direct appeal from final judgment and remanding in order for trial court to fashion equitable distribution taking into account husband's disability benefits). We note that the husband has not filed any proceedings to modify or set aside the final judgment and property settlement agreement which govern the parties' rights. Thus, this issue need not be decided in this case.
[14] The cases of In re Marriage of Kuzmiak, 176 Cal. App.3d 1152, 222 Cal. Rptr. 644 (Ct.App.), cert. denied, 479 U.S. 885, 107 S.Ct. 276, 93 L.Ed.2d 252 (1986), and Perez v. Perez, 587 S.W.2d 671 (Tex. 1979), upon which the husband relies, are inapplicable because these cases involve involuntary separation from military service.
[15] Because of our reversal of the trial court's award of attorney's fees and our remand of this matter, the wife's cross-appeal is moot.