647 So.2d 959 (1994)
Michelle M. KELSON, former wife, Appellant,
v.
Russell M. KELSON, former husband, Appellee.
No. 93-3003.
District Court of Appeal of Florida, First District.
December 7, 1994.
Rehearing Denied January 26, 1995.
*960 Gordon E. Welch of The Center for Family Law, P.A., Pensacola, for appellant.
Kathryn L. Runco of Michael J. Griffith, P.A., Pensacola, for appellee.
DAVIS, Judge.
Michelle Kelson, former wife, appeals an order denying her motion to modify or amend a final judgment of dissolution. Because we conclude that the trial court did not err in denying appellant's motion to modify the final judgment of dissolution which incorporated the parties' marital settlement agreement, we affirm.
The final judgment incorporated a marital settlement agreement between Michelle and Russell Kelson which was drafted by Mrs. Kelson's attorney. One of the terms of the property settlement portion of the marital settlement agreement was a formula for the division of the former husband's anticipated retired pay from the United States Marine Corp. After the entry of the final judgment of dissolution but before the former husband achieved twenty years of service and eligibility for retired pay, Congress enacted, and the former husband elected, the Voluntary Separation Incentive Program (VSI).
Russell Kelson left the Marine Corps after approximately sixteen years of service, receiving an annual VSI payment for a specific term of years rather than retired pay in monthly increments for life. Michelle Kelson argues that this is the functional equivalent of the retired pay she is entitled to share under the parties' agreement and that the failure of the parties to anticipate the possibility of Voluntary Separation Incentive payments in lieu of retirement benefits was a mutual mistake of fact resulting from the fact that the program simply did not exist when the marital settlement agreement was drafted. Russell Kelson responds that Voluntary Separation Incentive payments are distinctly different from retired benefits and that the trial court lacked jurisdiction to modify the property settlement agreed to between the parties. The trial court held that Voluntary Separation Incentive Benefits were not the same thing as retired/retainer pay as defined by federal law and that the court lacked jurisdiction to modify the property settlement agreement to go beyond the agreed upon division of retired/retainer pay. We affirm.
The starting point for any analysis must be the terms of the marital settlement agreement entered into between the parties. Such an agreement, "entered into voluntarily after full disclosure and then ratified by the trial court, is a contract subject to interpretation like any other contract." Petty v. Petty, 548 So.2d 793, 796 (Fla. 1st DCA 1989). This agreement purported to divide Major Kelson's non-vested, non-matured right to military retired pay. Under Florida law, a court in a dissolution proceeding may equitably divide the non-vested, non-matured right of a spouse to military retired pay. DeLoach v. DeLoach, 590 So.2d 956, 959 (Fla. 1st DCA 1992). When the trial court is making an equitable distribution of a non-vested pension plan, it must take into account the effect on the value of those pension rights of the possibility that some event such as death or termination of employment would destroy the pension rights before they mature. Id. at 962. We must presume that this marital settlement agreement, drafted by Mrs. Kelson's attorney, also accounted for the possibility that some event such as death or termination of employment would destroy the pension rights before they could mature. Cf. Abernethy v. Fishkin, 638 So.2d 160, 163 (Fla. 5th DCA 1994) ("husband specifically agreed that he would take no action which would defeat the wife's right to receive 25% of his retirement pay and that, if necessary, he would self-implement the agreement's payment provisions"). The present agreement does not indicate any intent by the parties to provide for any contingencies other than division of vested and matured retired pay upon the event of Major Kelson obtaining the right to such payments.
Mrs. Kelson argues that the fact that the statute creating Voluntary Separation Incentive *961 benefits was not in existence at the time the agreement was drafted, coupled with the similarities between VSI benefits and retired pay (such as the method of calculating the amount) permit an interpretation that the term "retired/retainer pay" as used in the agreement encompasses the Voluntary Separation Incentive benefits. The Fifth District Court of Appeal reached a conclusion supporting that result in dictum[1] in Abernethy v. Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994). With all due respect to our sister court, we cannot agree that VSI benefits may be considered retired pay for these purposes.
In McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the United States Supreme Court reversed a California decision dividing military nondisability retired pay as community property. The Court held that federal law preempts state law with regard to the divisibility of such military benefits in dissolution proceedings. Congress promptly enacted the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408. In light of McCarty, Congress adopted provisions of USFSPA to provide specifically limited authority for state courts to make awards of the expressly described retirement benefits. However, it is clear that, to the extent that a benefit falls outside the specifications of the USFSPA, McCarty is still valid law. The United States Supreme Court said so expressly in Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) (state court has no authority to treat military retired pay as community property except to the extent permitted under the "plain and precise language" of the USFSPA). The USFSPA permits the division in dissolution proceedings of the "disposable retired or retainer pay" of a member of the military services. It does not permit division of retired pay to the extent that the benefits are reduced by non-taxable disability benefits, because that is specifically excluded from the definition of "disposable retired or retainer pay." Id. at 594-95, 109 S.Ct. at 2031-32; see also McMahan v. McMahan, 567 So.2d 976, 979 (Fla. 1st DCA 1990) (Congressional grant of authority to the states to equitably divide military retired pay was explicitly limited to the plain and precise language of USFSPA, and state courts may not go beyond what the statute specifies).
"Separation pay," as distinct from "retired pay," has been held not to be subject to division as community property.[2] As the court cogently explained in In Re Marriage of Kuzmiak, 176 Cal. App.3d 1152, 1157, 222 Cal. Rptr. 644 (Cal.Dist.Ct.App.), cert. denied mem., 479 U.S. 885, 107 S.Ct. 276, 93 L.Ed.2d 252 (1986), the purposes of separation and retired pay are different. Separation pay is the personal property of the service member, for its purpose is to ease the transition to civilian life. Retired pay, on the other hand, is a contractual obligation designed to constitute compensation for past services rendered. See also Diffenderfer v. Diffenderfer, 491 So.2d 265, 267 (Fla. 1986) (pension plan is contractual right of value obtained in exchange for lower rate of compensation during marriage). When those services were rendered, and the compensation "earned" during the marriage, there is a rationale for awarding a percentage of a pension to a former spouse which is not present in the distribution of separation pay. Applying this rationale, the Kuzmiak court held that involuntary separation pay was not encompassed by the provisions of the USFSPA. 176 Cal. App.3d at 1157, 222 Cal. Rptr. 644. We believe that the same result must apply to voluntary separation pay.
The federal statutes governing the armed forces are replete with examples of the distinction between "separation" and "retirement." Compare, e.g., 10 U.S.C. § 1201, *962 § 1204 (retirement) with 10 U.S.C. § 1203, § 1206 (separation). Chapters 59 and 60 of Title 10 of the United States Code govern separation, Chapter 61 is entitled "Retirement or Separation for Physical Disability," and Chapters 63 through 73 govern various aspects of military retirement, from the age or length of service required to be entitled to retired pay, to the computation of retired pay, to the election to purchase an annuity with a portion of one's retired pay, and so on. Under traditional rules of statutory construction, we are constrained to assume that Congress deliberately used the word "separation" and not "retirement" when creating VSI benefits, and further that separation benefits were deliberately excluded from the reach of the USFSPA by the limitation of its reach to "disposable retired or retainer pay" as defined in 10 U.S.C.A. § 1408(a)(4). See Russello v. U.S., 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983). This conclusion is supported by the fact that Congress not only failed to expressly incorporate VSI benefits within the USFSPA, but specifically provided that VSI benefits are not transferable during the life of the recipient. 10 U.S.C.A. § 1175(f) (West 1994). Accordingly, we conclude that VSI benefits are not "retired pay" and affirm the decision of the trial court that the marital settlement agreement between Major and Mrs. Kelson cannot be interpreted as encompassing the VSI benefits under the term "retired/retainer pay."
Having concluded that the agreement cannot be interpreted as already providing for the division of these benefits, the next question is whether the trial court had jurisdiction to modify the agreement so as to extend its reach to encompass VSI benefits. This was clearly a property settlement provision, with no intent that these benefits would be provided for the support of Mrs. Kelson as a form of or in lieu of alimony. There has been no allegation that this agreement was procured by fraud, duress, deceit, coercion or over-reaching. Therefore the trial court correctly concluded that it was without jurisdiction to modify this agreement. See Petty v. Petty, 548 So.2d 793, 795 (Fla. 1st DCA 1989); Bockoven v. Bockoven, 444 So.2d 30, 32 (Fla. 5th DCA 1983).
The order of the trial court denying Mrs. Kelson's motion to amend or modify the final judgment of dissolution is AFFIRMED.
ZEHMER, C.J., concurs.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, dissenting.
I respectfully dissent. We should reverse and remand for reconsideration in light of the recent decision in Abernethy v. Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994), which answered the question posed here. The motion to modify below was, in substance, for enforcement of the former wife's property interest in former husband's voluntary separation incentive (VSI) benefits which, under Abernethy, supra, may be treated as retirement, subject to division.
NOTES
[1] The court was not required to reach the question whether VSI benefits are retirement pay because of the specific terms of the agreement between the parties. The former husband had specifically obligated himself to make the agreed payments without limiting the source of the funds to anticipated retired pay. 638 So.2d at 163.
[2] The same reasoning applies in states in which marital assets are subject to equitable distribution rather than division under the precepts of community property.