657 So.2d 899 (1995)
Dean J. BAER, Appellant,
v.
Deborah S. BAER, Appellee.
No. 94-1383.
District Court of Appeal of Florida, First District.
January 4, 1995.
Patricia B. Fournier of Bajoczky & Fournier, Tallahassee, for appellant.
Kristin Adamson and Jerome M. Novey of Novey & Mendelson, Tallahassee, for appellee.
WOLF, Judge.
Appellant, Dean J. Baer, challenges an amended judgment of dissolution of marriage. Finding no reversible error, we affirm the judgment of the trial court. We do, however, find that one issue merits discussion: Whether the trial court erred in awarding the wife her military voluntary separation incentive payments (VSI) as her sole and separate property.
The wife requested voluntary separation from the army in January 1993, pursuant to the voluntary separation incentive program provided by the United States military. According to testimony received by the trial court, the request was irreversible once submitted, and provides benefits in the form of annual payments for 20 years upon agreement to serve in the ready reserves. In February 1993, one month after the wife requested voluntary separation from the army, the husband filed a petition for dissolution of marriage. On November 3, 1993, during the pendency of the dissolution proceedings, the husband filed a motion for determination of the wife's VSI payments and accrued annual leave benefits as marital assets. In December 1993, following a hearing on the motion, the lower court adjudged that neither the wife's VSI payments nor her accrued annual leave were marital assets subject to distribution.
Appellant argues that VSI payments are analogous to retirement benefits, and that the portion of appellee's VSI pay which accrued during the marriage is marital property. Appellee argues that VSI payments are more closely related to disability pay which takes the place of future compensation rather than compensation for past service.
In McClure v. McClure, 1994 WL 543193 (Ohio App.2d Dist. 1994), an Ohio court examined the legislative history of the act which created the VSI program and concluded that "[g]iven the congressional intent behind the VSI program, VSI payments are more closely analogous to severance benefits than retirement benefits." Id. at WL p. 8 (citing Polchek, Recent Property Settlement Issues for Legal Assistance Attorneys (December 1992), Army Lawyer 4). The McClure court continued as follows:
Like severance payments, VSI benefits attempt to compensate a separated service member for future lost wages. The mere fact that the amount of the payments is determined according to the number of years of service does not necessarily render these payments compensation for past services. Rather, severance pay is frequently calculated according to the number of years of employment. Although severance pay received during the marriage is marital property to the same extent that wages paid during the marriage are marital property, severance payments intended to compensate for wages lost after the divorce cannot be characterized as marital property. Accordingly, the trial court did *900 not abuse its discretion when it determined that [McClure's] VSI payments were his separate income and not marital property.
Id. at WL p. 8, citations omitted.
More recently, this court stated as to VSI payments:
Separation pay is the personal property of the service member, for its purpose is to ease the transition to civilian life. Retired pay, on the other hand, is a contractual obligation designed to constitute compensation for past services rendered.
Kelson v. Kelson, 647 So.2d 959 (Fla. 1st DCA 1994).
As in Kelson, we recognize here that the fifth district in dictum in Abernethy v. Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994), stated that VSI payments may be considered to be analogous to retirement pay. Nevertheless, we reject the fifth district's interpretation. We find no error in the trial court's interpretation that the VSI payments are not marital property subject to equitable distribution. We affirm.
WEBSTER and MICKLE, JJ., concur.