JUSTICE LEAPHART,
specially concurring.
I concur in issues 2 and 4 of the majority opinion and specially concur in issues 1 and 3.1 write separately for two reasons. The first is that I believe there is greater support than that mentioned in the majority opinion for the proposition that Special Separation Benefits (SSB) may be properly included in any marital estate. The second is that another appellate court in a similar case reviewed and upheld a trial court’s order to enforce the decree based on the parties’ property settlement agreement.
First, an Arizona appellate court has determined that SSB payments may be included in the marital estate. In re Marriage of Crawford (Ariz. Ct. App. 1994), 884 P.2d 210. In Marriage of Crawford, the court noted that there is legislative history to support the inclusion of SSB benefits in the marital estate. Specifically, the court stated:
We find more relevant a 1990 House Report predating the enactment of the SSB program which in relation to the congressionally mandated “force drawdown” recommended “a comprehensive package of transition benefits to assist separating personnel and their families,” H.R.Rep. No. 665, 101st Cong., 2d Sess. (1990) *205 (emphasis added), suggesting that equitable division of SSB benefits is not inconsistent with congressional intent.
Marriage of Crawford, 884 P.2d at 212. The Crawford court also recognized, as does the majority opinion, that the Department of Defense pamphlet regarding SSB payments indicated that state courts would determine the divisibility of such payments.
Next, in a case similar to this one, a Florida appellate court determined that a property settlement agreement should be enforced through the payment of early separation benefits. In Abernethy v. Fishkin (Fla. Dist. Ct. App. 1994), 638 So.2d 160, the husband and wife had entered into a property settlement agreement which provided that the wife would receive 25% of the husband’s military pension. The husband elected to leave the military before his retirement vested and was paid benefits under the Voluntary Separation Incentive Program (VSI). Abernethy, 638 So.2d at 161. The VSI and SSB programs are quite similar in that both provide qualifying military personnel who are voluntarily leaving the service before their retirement vests a payment, or payments, primarily based on the individual’s ending salary and years of service.
The Abernethy court first cited Marriage of Crawford in determining that the trial court had correctly concluded that the husband’s VSI benefits were subject to division. Abernethy, 638 So.2d at 162. The court went on to state that even assuming Congress had not authorized state courts to distribute these benefits, it would affirm the trial court’s order enforcing the parties’ property settlement agreement. Specifically, the court stated:
the trial court’s order does not purport to assign or award VSI benefits to the wife. Instead, the order merely requires the husband to pay to the wife 25% of every VSI payment immediately upon its receipt in order to insure the wife a steady monthly payment pursuant to the terms of the parties’ property settlement agreement.
Abernethy, 638 So.2d at 163.
In the present case, Kathy and Stephen entered into a property settlement agreement in which the parties agreed to a formula for the division of Stephen’s military retirement pay. Similar to the trial court’s order discussed in Abernethy, the District Court’s order in this case does not purport to assign Stephen’s SSB benefits to Kathy, but orders him to pay her 40% (the percentage arrived at through the calculation agreed on in the property settlement agreement) of these monies immediately after he receives them.
*206 As the Arizona court recognized in Marriage of Crawford, federal law does not preclude state courts from dividing SSB benefits in a dissolution proceeding. However, even assuming arguendo, that it does, the fact is that Stephen, in the property settlement agreement, voluntarily agreed to divide his “net disposable military retirement pay.” The property settlement agreement did not tie the phrase to any federal statute or program. In my opinion, the phrase “net disposable military retirement pay” is broad enough to encompass Stephen’s voluntary early retirement under the SSB program. The District Court merely required Stephen to do that which he agreed to and that which the decree required.