2387

Larry Mitchell FISHER, Appellant v.
Teresa Eichorn FISHER, Respondent.

(462 S.E. (2d) 303)

Court of Appeals

*J. Michael Taylor,* Columbia, *for appellant.*

*David A Soderlund,* Charleston, *for respondent.*

Submitted June 6, 1995.

Decided Aug. 7, 1995; Reh. Den. Sept. 21, 1995.

HEARN, Judge:

This is an appeal from a family court order which held that a wife who was entitled to a percentage share of her husband's military retirement was also entitled to share in benefits he received under the voluntary separation incentive (VSI) program. The husband also appeals the award of child support. We affirm.

## FACTS

The parties were married on June 16, 1979. Two children were born or the marriage, both of whom are still minors. In September of 1989, the parties separated and the husband commenced an action for separate maintenance which resulted in the issuance of a final order in August of 1990. The family court's order approved the parties' settlement agreement which provided, among other things, that the wife would receive 20% of the husband's military retirement benefits, payable in monthly allotments upon actual entitlement, and $595 per month in child support.

In October of 1993, the husband received a voluntary discharge from the Navy. Because the husband had not fulfilled the mandatory twenty-year service requirement at the time of his discharge, he was not eligible for military retirement. The husband testified he had to reenlist periodically to continue serving in the Navy and he needed his commanding officer's recommendation in order to do so. In the middle of a two-year enlistment period and less than four years before fulfill-

ing twenty years of service, the husband extensively damaged a commanding officer's vehicle and had to be transferred to the psychiatric floor of a Navy hospital as a result of the incident. Thereafter, the husband decided to voluntarily leave the Navy under the VSI program rather than risk an involuntary discharge. The husband entered into an early separation agreement with the Navy, which provided he would receive annual payments of $10,114.50 for thirty-two years.

In August of 1993, the wife commenced an action for divorce on the ground of one year's continuous separation and requested the previous order be adopted by the court. The wife also alleged the husband's negotiated early separation incentive plan with the United States Navy was in lieu of retirement benefits as contemplated in the 1990 order and requested she receive monies from his VSI payments, pursuant to the terms of the 1990 order. The husband answered and counterclaimed alleging the wife's request for 20% of his VSI payments was barred by the doctrine of *res judicata*. The husband also requested a modification in child support on the grounds of reduced income.

The family court granted the wife's request for divorce, ordered the husband to pay the wife 20% of each annual installment he received under his VSI agreement and required the husband to pay $595 per month in child support. This appeal followed.

## DISCUSSION

### I. Apportionment of Marital Property

The husband argues the family court erred in holding his VSI payments were marital property. Specifically, the husband asserts the VSI payments should have been deemed nonmarital property because he entered into the early discharge agreement with the Navy after judicial approval of the parties' separation agreement, which only contemplated apportionment of his "retirement" benefits. We disagree.

It is well settled that military retirement benefits accrued during marriage constitute a shared investment of both parties and payments therefrom are subject to equitable apportionment. *Eckhardt v. Eckhardt*, 309 S.C. 225, 420 S.E. (2d) 875 (Ct. App. 1992). The characterization of VSI payments has never before been considered in South Carolina

and rarely has been considered elsewhere. Courts in Ohio and Florida have held VSI benefits more analogous to severance pay than to retirement benefits and therefore not marital property. See *Kelson v. Kelson*, 647 So. (2d) 959 (Fla. Dist. Ct. App. 1994); *McClure v. McClure*, 98 Ohio App. (3d) 27, 647 N.E. (2d) 832 (1994). Courts in Arizona, Montana, and another district court of appeals in Florida have held VSI benefits or special separation benefits (SSB) tantamount to retirement benefits and subject to equitable division. *See In re Marriage of Crawford*, 180 Ariz. 324, 884 P. (2d) 210 (Ct. App. 1994); *Abernethy v. Fishkin*, 638 So. (2d) 160 (Fla. Dist. Ct. App. 1994); *Blair v. Blair*, 894 P. (2d) 958 (Mont. 1995).

We agree with the family court that under the facts of this case, the husband's early discharge under the VSI program is analogous to an early retirement. Like retirement benefits, payments pursuant to an early separation agreement are based in part on the length of time a person served in the military and his pay grade during his time of service. Here, the husband voluntarily elected to accept an early discharge from the Navy rather than risk an involuntary discharge, which would have been due solely to his own misconduct. Although the husband correctly cites S.C. Code Ann. Section 20-7-473(2)(c) (Supp. 1994) for the proposition that property acquired by either party after entry of a permanent order of separate maintenance and support or of a permanent order approving a property or marital settlement agreement between the parties is nonmarital, here, any rights the husband now possesses to receive early discharge incentive payments are due to the time he spent in the military and accrued during his marriage to the wife, not after the separation agreement was approved. Thus, we hold the family court properly deemed the funds received by the husband pursuant the VSI agreement marital property.

The husband also asserts the court lacked subject matter jurisdiction to modify the original property division made pursuant to the 1990 order. This argument is without merit. In light of our holding that the husband voluntarily elected to receive payments via an early discharge incentive plan in lieu of the retirement benefits contemplated in the original order, we find no error in the family court ordering payments to the wife pursuant to the provisions of the

1990 order. The husband cannot, by his voluntary act of changing the plan under which he will receive his post-military service payments, divest the wife or her rights as contemplated under the 1990 order.

Moreover, we do not agree with the husband's contention that the VSI payments are not subject to state equitable distribution laws due to federal preemption. We are unaware of any federal statute which expressly excludes early discharge incentive pay from state equitable distribution. *But see Mansell v. Mansell*, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed. (2d) 675 (1989) (holding veteran's disability benefits received in lieu of waived retirement benefits could not be treated as divisible property where disability pay was expressly exempted from claims pursuant to the Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408(a)(4)(B) (Supp. 1995)). In our view, had Congress intended to exclude early separation incentive pay from state apportionment laws, it easily could have done so. Moreover, in discussing Congress' intent in enacting these programs, one court noted that literature distributed by the Department of Defense explaining the Voluntary Separation Incentives and Special Separation Benefits programs states that the treatment of VSI and SSB payments is not dictated by federal law and that it will be up to the state courts to rule on the divisibility of these incentives. *Abernethy v. Fishkin*, 638 So. (2d) at 162.

## II. Child Support

The husband also asserts the trial court erred in calculating his child support obligation at $595 per month. Specifically, the husband complains the family court erred in (1) determining his income by including the full amount of his VSI payments without deducting the 20% awarded to the wife; (2) refusing to deduct the 30% tax credit the wife will receive for daycare expenses; and, (3) imputing additional income to the husband of $1,376 per month.[1]

---

[1] The husband also complains the family court failed to consider the husband's tax liabilities; however, the Child Support Guidelines specifically define income as "the actual gross income of the parent." 27 S.C. Code Ann. Reg. 114-4720(A)(1) (1992). Thus, this argument lacks merit.

While we agree the trial court erred in allocating all of the husband's VSI payments to his column and in failing to deduct the tax credit the wife will receive for daycare expenses, correcting this error does not result in a significant deviation from the amount ordered or the Child Support Guidelines. According to our calculations, the husband's gross monthly income is equal to 80% of the funds he receives pursuant to his VSI agreement ($674.30 = $10,114.50 x .80 / 12) plus the monthly income imputed to him by the court ($1,376.00) or $2060.96 per month. The wife's gross monthly income is equal to 20% of the funds the husband receives pursuant to the early separation agreement ($168.00 = $10,114.50 x .20 / 12) plus $1,733.33 in income from her employment or $1,901.90 per month. Thus, the parties' combined gross monthly income equals $2,060.96 + $1,901.90 or $3,962.86. At this income level, the South Carolina Child Support Guidelines basic amount for two children is $821.03 per month. *See* 27 S.C. Code Ann. Regs. 114-4720, -4750 (1992); *South Carolina Child Support Guidelines Handbook* (May 1994). By adding the $162 for insurance and, properly applying the daycare costs net after child care tax credit, or $154, to the basic combined support obligation of the parties, we conclude the parties' total combined monthly support obligation is $1,137.03. Adjusting the parties support obligations as provided in Regulation 114-4750, the husband's share of the total support obligation is 52.007% or $591.33.

The family court ordered the husband to pay $595 per month in child support. The "error" of which the husband complains is the difference between $595.00 per month and $591.33 per month or $3.67 per month. Since slight deviation from the guideline amount is permissible, we decline to disturb the amount of child support ordered by the trial court.

Additionally, we find the trial court did not err by imputing income to the husband of eight dollars per hour.

Under the Child Support Guidelines, "income" is defined as "the actual gross income of the parent, if employed to full capacity, or potential income if unemployed or underemployed." 27 S.C. Code Ann. Reg. 114-4720(A). The Guidelines further provide:

Potential Income. If the court finds that a parent is voluntarily unemployed or underemployed, it should calculate

child support based on a determination of potential income which would otherwise ordinarily be available to the parent. . . .

\* \* \* \* \* \*

(b) In order to impute income to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earnings level of the parent based on that parent's recent work history, occupational qualifications, and prevailing job opportunities and earning levels in the community.

Reg. 114-4720(A)(5).

In this case, the husband was unemployed at the time of the hearing so that his only actual source of income was his VSI payments. However, the husband testified he was employed for approximately eighty days at a job which paid eight dollars per hour. The husband voluntarily left this position because it was too far away, too dirty, and unrelated to the work he performed while in the military. The husband also admitted he had been waiting to hear from one potential employer for two months. Under these facts, we hold the family court appropriately imputed income to the husband of eight dollars per hour.

For the foregoing reasons, the decision of the family court is

Affirmed.

HOWELL, C.J., concurs.

GOOLSBY, J., dissents in a separate opinion.

GOOLSBY, Judge (dissenting):

I respectfully dissent. I do not regard voluntary separation incentive payments (VSI) as "retirement benefits," particularly as that term was used in the parties' settlement agreement and the family court's final consent order. Clearly, the agreement and order contemplated "actual retirement" by the husband and the payment each month of a "military allotment."[1] Here, the husband did not "retire" from military ser-

---

[1] The provision reads as follows:

That the [wife] shall be entitled to the sum of [$197.27] per month, which

vice—he was not eligible for retirement; rather, he participated in the VSI program, a program that did not even exist at the time the family court undertook to equitably divide the marital property between the parties. 10 U.S.C.A. § 1175 (Supp. 1995). Severance payments are one thing and retirement benefits are quite another.[2]

The VSI payments also do not constitute marital property as the term is defined by S.C. Code Ann. § 20-7-473 (Supp. 1994). Subsection (2) of the last-cited statute specifically defines nonmarital property to include "property acquired by either party ... after ... (c) entry of a permanent order of separate maintenance and support or of a permanent order approving a property or marital settlement agreement between the parties." This is the case here. As noted previously, the VSI program did not exist at the time the family court approved the parties' settlement agreement. The family court lacked jurisdiction to apportion the VSI payments because they are nonmarital property. S.C. Code Ann. § 20-7-473 (Supp. 1994); see *Hayes v. Hayes*, 312 S.C. 141, 439 S.E. (2d) 305 (Ct. App. 1993) (the family court lacks jurisdiction to modify a division of property once a retirement account has been apportioned by a final order). The payments represent income only.

I would reverse and remand. See *Kelson v. Kelson*, 647 So. (2d) 959 (Fla. Dist. Ct. App. 1994) (holding VSI payments the husband received after the parties' final settlement agreement, which apportioned part of the husband's retirement benefits to the wife, were not "retirement benefits" as contemplated by the specific terms of the settlement agreement, the VSI program having become effective after the parties entered into the settlement agreement, and holding the VSI payments were a form of severance pay attributable to the husband as income and not subject to equitable division); *cf. Abernethy v. Fishkin*, 638 So. (2d)160, 163 (Fla. Dist. Ct. App.

represents twenty percent (20%) of [the husband's] retirement benefits had he been able to retire as of the date of this Consent Order, said sum to be paid via military allotment upon [the husband's] actual entitlement to said retirement benefits.

[2] For example, military retirement benefits are paid out of the Department of Defense Military Retirement Fund, whereas VSI payments are paid out of the Voluntary Separation Incentive Fund. 10 U.S.C.A. § 1175(h)(1), (4) (Supp. 1995).

1994) (holding VSI payments the husband received after the parties' final settlement agreement were marital property subject to equitable division, but only because the "husband specifically agreed [in the settlement agreement] that he would take no action which would defeat the wife's right to receive 25% of his retirement pay and that, if necessary, he would self-implement the agreement's payment provision").

Although I would not reach the issue of whether VSI payments are subject to equitable division through a settlement agreement provision specifically directing such a division. I note the federal statutory mandate that "[t]he member's right to [VSI] payments shall not be transferable." 10 U.S.C.A. § 1175(f) (Supp. 1995).