HARRIS, Judge.
Appellant Richard L. Abemethy (Husband) timely appeals an order awarding a portion of his VSI (disability) payments to his former wife, Monica Abemethy, n/b/a Monica Fishkin.
The parties entered into a marital settlement agreement which included the following provisions:
6.Personal Property: The HUSBAND shall have the property stated in attached Schedule A, which is incorporated by reference into this Agreement. The WIFE shall have the property stated in attached Schedule B which is incorporated by reference into this Agreement.
Schedule B of the settlement agreement listed the following item:
10. 25% of AF Retirement, effective upon retirement.
The wife filed her petition for dissolution and in January, 1992, the trial court entered a final judgment dissolving the parties’ sixteen-year marriage. The final judgment incorporated that portion of the settlement agreement regarding the husband’s military retirement pay as follows:
19. MILITARY RETIREMENT-PROPERTY INTEREST: The [wife] shah receive one-quarter (1/4) of the [husband’s] military retirement pay pursuant to the Uniformed Services, Former Spouses Protection Act, 10 U.S.C., Section 1408.
The final judgment further provided:
22. The [wife] shall receive the following amount from each payment of the [husband’s] net disposable retired or retainer pay:
The [wife] shall receive Twenty-five (25%) percent of the [husband’s] net disposable retired or retainer pay.
[[Image here]]
30. The [husband] shall not merge the [husband’s] retired or retainer pay with any other pension, and shall not pursue any course of action that would defeat the [wife’s] right to receive a portion of the full net disposable retired or retainer pay of the [husband]. The [husband] shall not take any action by merger of the military retirement pension so as to cause a limitation in the amount of the total net monthly retirement or retainer pay in which the [husband] has a vested interest and, therefore, the [husband] will not cause a limitation of the [wife’s] monthly payments as set forth above. The [husband] shall in *1029 demnify the [wife] for any breach of this paragraph as follows. Therefore, if the [husband] becomes employed, which employment causes a merger of the [husband’s] retired or retainer pay, the [husband] will pay to the [wife] directly the monthly amount provided for in paragraph 22 under the same terms and conditions as if those payments were made under paragraph 22.
Shortly after this final judgment, the husband elected voluntary separation from the Air Force. In an affidavit he explained that his voluntary separation options included the Special Separation Bonus (SSB) (a lump sum payment) and the Voluntary Separation Incentive Program (VSI) (an annuity). The husband elected the VSI option and was honorably discharged from the Air Force. His annual VSI payments were calculated as follows: 2.5% x final monthly basic pay x 12 months x 16 years of service. He was to receive annual benefits for 32 years (twice the number of his years of service).
Upon the husband’s taking this action, the wife filed a motion for enforcement of the final judgment of dissolution regarding the husband’s military retirement benefits. Specifically, she alleged that the husband, in lieu of his retirement, had received severance pay from the military and that, by doing so, the husband had pursued a course of action that defeated her right to receive a portion of his military retirement pay, in violation of the provisions of the property settlement agreement and the final judgment.[1] The trial court entered an order of enforcement granting the wife’s motion and ordering the husband to pay 25% of his VSI benefits to the wife. The husband filed an appeal and this court affirmed the award in Abernethy v. Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994). In affirming, this court found that payments under the VSI program qualified as “retire or retainer pay” subject to equitable distribution. We also held that the trial court had authority to require such payments, even assuming that VSI benefits did not qualify as “retire or retainer pay.” In so holding, we explained:
Even assuming, arguendo, that Congress has not authorized state courts to distribute VSI benefits, we still would affirm the trial court’s order enforcing the parties’ property settlement agreement because the trial court’s order does not purport to assign or award VSI benefits to the wife. Instead, the order merely requires the husband to pay to the wife 25% of every VSI payment immediately upon its receipt in order to insure the wife a steady monthly payment pursuant to the terms of the parties’ property settlement agreement. Further, the husband specifically agreed that he would take no action which would defeat the wife’s right to receive 25% of his retirement pay and that, if necessary, he would self-implement the agreement’s payment provisions. By unilaterally electing VSI benefits and refusing payments to the wife, the husband has breached those provisions of the parties’ property settlement agreement. Under these circumstances, the trial court was authorized to enforce the agreement and the final judgment by requiring the husband to make the agreed payments from his personal funds regardless of their source. [Citations omitted].
Abernethy, 638 So.2d at 163.
After this decision, the husband’s VSI benefits were drastically reduced when he started drawing disability benefits. On a new motion, the wife alleged that the husband had purposefully reduced his payments to her by diverting a portion of the VSI benefits into disability benefits in contravention of the original final judgment which ordered that he
not merge ... retired or retainer pay with any other pension, and shall not pursue any course of action that would defeat the [wife’s] right to receive a portion of the full net disposable retired or retainer pay. The [husband] shall not take any action by *1030 merger of the military retirement pension so as to cause a limitation in the amount of the total net monthly retirement or retainer pay in which the [husband] has a vested interest and, therefore, the [husband] will not cause a limitation of the [wife’s] monthly payments as set forth above.
In agreeing with the wife, the lower court made the following findings and conclusions:
1. The Court finds that the Former Wife is entitled to Twenty-five (25%) percent of the gross annual payment amount which is $8,850.52 each year.
2. The Former Wife is responsible for any taxes due on her portion of that amount.
3. Beginning immediately, the Former Husband shall pay to the Former Wife Twenty-five (25%) percent of each payment he receives whether he receives it in the form of disability or YSI payments. Each such payment shall be made immediately upon receipt.
4. While the Court is not assigning the VA Disability benefits to the Former Wife, the Court is ordering the Former Husband to pay twenty-five (25%) percent of the amount he receives to the Former Wife as her share of the VSI.
The husband argues that the trial court erred in ordering him to pay 25% of his disability payments to the wife. He submits that under Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), state courts are precluded from treating military retirement pay which has been waived by the retiree in order to receive veterans’ disability benefits as divisible property. The husband argues that even though the trial court ordered him to pay a portion of his disability benefits to his wife instead of ordering direct payments from the federal government, and even if the payments were the subject of a marital settlement agreement, the order is still invalid.
While we agree that ManseU absolutely prohibits a Florida court from, on its own, treating a veteran’s disability benefits as marital property, we do not agree that it prohibits the veteran himself or herself from agreeing as a part of the predivorce settlement, to assign a portion of that award to his or her spouse in exchange for other property. We agree with the wife that although Man-sell prohibits the state courts from equitably distributing disability pay in the absence of an agreement, courts may nevertheless enforce the agreements of the parties, including veterans, even if the agreement involves disability payments. We further agree with the wife that the law of the case was established in the earlier Abemethy appeal to the effect that the husband agreed to allocate to the wife 25% of his retirement pay in exchange for the property awarded to him in the property settlement agreement.
Even though the facts in Mansell appear similar to ours (apparently the Man-sells had agreed that the wife would receive “50 percent of his total military retirement pay, including that portion of retirement pay waived so that Major Mansell could receive disability benefits”), the issue decided by the Mansell court was whether the state court “may treat as property divisible upon divorce military retirement pay waived by the retiree in order to receive veteran’s disability benefits.” [2] Although the state court was denied this authority, the Mansell court did not decide the issue of whether the state court may enforce an agreement between the parties even if that agreement includes a payment from disability income. Certainly a husband’s agreement to pay child support (even the obligation to pay child support without an agreement) may be collected from disability payments. And under Florida law, the court may distribute even non-marital assets so long as the parties agree to the distribution as part of a settlement agreement. For example, in exchange for the home, a party may assign the other spouse an interest in a premarital trust fund. If the veteran voluntarily agrees to assign a certain portion of his disability benefits in exchange *1031 for a quid pro quo, what public policy is being violated?
Since Mansell by its terms does not preclude enforcement by the state court of property settlements even involving disability payments, we conclude that it is not only within its power but also within its obligation for the state court to do so.
AFFIRMED.
W. SHARP, and ANTOON, JJ., concur.

. Abemethy now contends that his only agreement was to give his wife 25% of his "A F Retirement” and that he never agreed not to pursue any course of action that would defeat the wife's right to receive her portion of full net disposable retirement pay due him. Although the record does not establish the basis for this provision (whether it was based on agreement or merely on the discretion of trial judge) in any event, it is an obligation imposed by the Final Judgment of Dissolution and was not appealed. It is, therefore, "the law of the case.”

. Apparently the California judgment being reviewed in Mansell divided the property as though it was community property. Although the case perhaps could have, it did not present the issue that is before us as to whether the court may enforce an agreement to share disability pay in the same manner it may enforce an agreement to share any other nonmarital property.