116

673 P.2d 314

**TRUCK INSURANCE EXCHANGE, an interinsurance exchange, Plaintiff-Appellee,**

v.

**STATE COMPENSATION FUND, Defendant-Appellant.**

No. 1 CA–CIV 6151.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 30, 1983.

Rehearing Denied Oct. 18, 1983.

Review Denied Dec. 6, 1983.

Crampton, Woods, Broening & Oberg by Douglas G. Shook and James R. Broening, Phoenix, for plaintiff-appellee.

Law Offices of Robert K. Park by John R. Greer, Phoenix, for defendant-appellant.

## OPINION

JACOBSON, Chief Judge.

We are faced in this appeal with a determination of whether this court has jurisdiction over an appeal by the State Compensation Fund (Fund) in a civil declaratory judgment action brought by an automobile liability carrier in which action the Fund was denied the opportunity to pursue cross-claims.

The procedural aspects of this action are controlling in determining this jurisdictional problem.

On May 2, 1979, nine employees of Reidhead Enterprises, Inc. were killed in an automobile accident. The accident occurred while the employees were being transported to a job site in a vehicle owned and operated by their employer. The employer was covered by an automobile liability policy issued by Truck Insurance Exchange

(Truck) and the employer had Workmen's Compensation coverage through the Fund.

As a result of this accident, four civil wrongful death actions were instituted in superior court by the survivors or personal representatives of the deceased workers against the employer. (Two of these actions were filed in Maricopa County, one was filed in Gila County and one was filed in Navajo County.)

As a result of this civil litigation, Truck filed a declaratory judgment action in Maricopa County seeking a determination that the death of the nine individuals occurred while they were in the course and scope of their employment, thus relieving or lessening Truck's liability under an exclusion in its automobile liability policy. Joined as party defendants to that action were all of the survivors or personal representatives of the nine deceased employees and the Fund. Apparently, the Fund was joined as a defendant in this action on Truck's theory that if coverage applied under its automobile policy it was only secondarily liable to the compensation carrier's primary liability.

All parties in the declaratory judgment action filed motions for summary judgment. Based upon the undisputed facts, the trial court determined that the death of the employees arose out of and in the course of their employment. Based upon this determination, the trial court granted Truck's motion for summary judgment against the wrongful death claimants, holding Truck's exclusion totally relieved it from any liability. The court also granted the Fund's motion for summary judgment against Truck, since the issue of primary/secondary liability was mooted by the ruling on Truck's exclusionary clause and denied the wrongful death claimants' motion for summary judgment.

Pending the formalization of these judgments, the Fund moved for leave to file cross-claims against the wrongful death claimants and moved for summary judgment against them. The reason for the cross-claims and the summary judgment was to seek a determination that the wrongful death claimants' exclusive reme-

dies were provided by the Workmen's Compensation Act and that therefore the civil wrongful death actions against the employer must be dismissed. These motions were denied by an unsigned minute entry order.

Following the formalization of the Fund's judgment against Truck, the Fund appealed that judgment in its favor, seeking to review in that appeal the trial court's refusal to permit it to file cross-claims and render declaratory judgment on those cross-claims.

Truck, in its answering brief, moved to dismiss this appeal on the basis that this court lacks jurisdiction to reach the issues raised because of the type of judgment from which the appeal was taken.

In order to clarify the procedural issue before us, we do not determine whether the trial court's order denying leave to file a cross-claim is, in and of itself, an appealable order, if placed in proper form, for the Fund has not directly sought to appeal that order. Rather, its formal appeal is from the summary judgment in its favor. The question thus presented is whether a party who appeals a judgment in its favor may seek review of adverse orders entered in the litigation giving rise to that judgment but which do not affect the validity of that judgment.

We start with the proposition that the right to appeal and orders which are reviewable on appeal are strictly statutory. *Morgan v. Continental Mortgage Investors,* 16 Ariz.App. 86, 491 P.2d 475 (1971). Corollary to this proposition is the court imposed requirement that the party seeking appeal must be aggrieved by the judgment from which the appeal is taken. *Chambers v. United Farm Workers Organizing Committee,* 25 Ariz.App. 104, 541 P.2d 567 (1975).

Since the Fund has appealed a judgment in its favor, on the face of the matter, the court would appear to lack an aggrieved party and the appeal should be dismissed. The Fund argues, however, that under A.R.S. § 12–2102(A) this court is granted authority to review intermediate orders and "rulings assigned as error" and as to one such intermediate order assigned as error

**118**

(the order denying leave to file a cross-claim) it is an aggrieved party and therefore entitled to maintain this appeal.

A.R.S. § 12–2102(A) provides that:

A. Upon an appeal from a final judgment, the supreme court shall review any intermediate orders involving the merits of the action and necessarily affecting the judgment, and all orders and rulings assigned as error, whether a motion for new trial was made or not.

We have been unable to find any case law which determines the scope of the language of A.R.S. § 12–2102(A) which allows appellate review of "all orders and rulings assigned as error." It is the Fund's contention that even though it is a successful party on the judgment appealed from and even though the order which it seeks to review does not affect the validity of the judgment sought to be appealed, nevertheless if it assigns the order as error the appellate court must review that order. In our opinion, this interpretation of that statute is too broad. First, A.R.S. § 12–2102(A) assumes that the appellate court has jurisdiction to review the final judgment which is appealed, that is, that the correctness of that final judgment has been called into question and that in its ordinary appellate review the appellate court will determine the correctness of that controversy. With that assumption made, A.R.S. § 12–2102(A) deals with what other reviews the appellate court will entertain as part of that same appeal. A.R.S. § 12–2102(A) deals with two additional categories of subject matter review: (1) "intermediate orders involving the merits of the action and necessarily affecting the judgment" and (2) "all orders and rulings assigned as error."

Did the legislature, by limiting review of intermediate orders to those which affect the underlying judgment, intend to broaden review to orders assigned as error, the resolution of which would not affect the judgment on review? We believe not. Given the fact that A.R.S. 12–2102(A) deals with subcategories of review, that review must be germane to the ultimate issue on appeal—the correctness of the judgment appealed. To hold otherwise would enmesh the appellate court in fruitless searches for error at the whim of any party who wished to assign any action of the trial court as error.

 We therefore hold that the appellate court's scope of review under A.R.S. § 12–2102(A) is limited to those rulings and orders of the trial court which necessarily affect the validity of judgment from which an appeal has been taken. Since the order of the trial court denying the Fund's motion for leave to file a cross-complaint against the wrongful death claimants does not affect the validity of the judgment it obtained against Truck, this court lacks appellate jurisdiction to review that order. Lacking review jurisdiction of this issue, we lack an aggrieved party in this appeal under Rule 1, Arizona Rules of Civil Appellate Procedure and therefore the appeal must be dismissed.

Appeal dismissed.

BROOKS and OGG, JJ., concur.