NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RHONDA S. CERNY, *Petitioner/Appellee,*

*v.*

CRAIG J. CERNY, *Respondent/Appellant.*

No. 1 CA-CV 18-0065 FC
FILED 12-20-2018

Appeal from the Superior Court in Maricopa County
No. FN2013-003197
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Van Wickler Law, PLLC, Scottsdale
By Tracey Van Wickler
*Co-Counsel for Petitioner/Appellee*

Mied Law Group, PC, Scottsdale
By Amber L. Mied
*Co-Counsel for Petitioner/Appellee*

Duenas Eden, PLC, Phoenix
By Dorian L. Eden
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Michael J. Brown and Judge James B. Morse Jr. joined.

---

**B E E N E**, Judge:

¶1        Craig Cerny ("Husband") appeals the superior court's dismissal of his petition to terminate a non-modifiable spousal maintenance award.  For the reasons stated below, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Husband and Rhonda Cerny ("Wife") executed a Property Settlement Agreement and a Consent Decree of Dissolution of Marriage, signed and entered by the superior court on October 10, 2014.  Both the agreement and the decree stated that Husband was to pay a non-modifiable spousal maintenance of $8,000 per month for the period of 90 months commencing on September 1, 2014.  This obligation was to "terminate upon the earliest of the following events: Wife's death; or Wife's remarriage; or Date of last payment anticipated to occur in February, 2022, if all payments are timely made."

¶3        On July 17, 2015, nine months after their divorce, Wife shot Husband in the chest.  She pled guilty to Aggravated Assault, a Class 3 dangerous domestic violence felony, and was sentenced to a term of imprisonment for a period of five years to commence on February 13, 2017.

¶4        Husband had been paying the agreed-upon spousal maintenance payments but stopped in September 2016.  Wife filed a Verified Petition for Order to Show Cause Re: Contempt of Court for Failure to Pay Spousal Maintenance on August 8, 2017 ("Petition to Collect").  Husband filed a response to the Petition to Collect, but also filed his own Petition to Terminate Spousal Maintenance on October 9, 2017 ("Petition to Terminate").  Wife then filed a Motion to Dismiss the Petition to Terminate, which the superior court granted "without prejudice to Former Husband raising any equitable defenses he has in response to Former Wife's Petition to [Collect]."

¶5        Husband timely appealed the dismissal of his Petition to Terminate.  We have jurisdiction pursuant to Article 6, Section 9, of the

Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6**   Husband argues the superior court erred by failing to terminate the non-modifiable spousal maintenance because Wife should not be entitled to the award after she attempted to kill him.

**¶7**   "In Arizona, dissolution of marriage proceedings are creatures of statute, and jurisdiction to decide such cases is conferred on the courts by the legislature." *In re Marriage of Waldren*, 217 Ariz. 173, 175, ¶ 8 (2007); *see also* A.R.S. § 25-317. The legislature expressly enabled the parties to agree to a spousal maintenance obligation that is not modifiable by the court. *See* A.R.S. § 25-317(A), (G), -319(C). Section "25-317(G) removes jurisdiction from our courts to modify *or terminate* a statutorily non-modifiable spousal maintenance provision in a decree of dissolution." *Waldren*, 217 Ariz. at 177, ¶ 18 (emphasis added). The court may not exceed the jurisdiction defined by the legislature "even when exercising its equitable powers." *Id.* at ¶¶ 21, 19 (finding a non-modifiable spousal maintenance provision in a decree could not be terminated by application of Ariz. R. Civ. P. 60(c)(5), which provides relief from a "final judgment, order or proceeding [if] it is no longer equitable that the judgment should have prospective application") (brackets in original); *cf. McNeil v. Hoskyns*, 236 Ariz. 173, 177, ¶ 16 (App. 2014) (holding the superior court retains jurisdiction to modify a decree awarding a non-modifiable spousal maintenance "when the decree is the product of a fraud on the court").

**¶8**   Because subject matter jurisdiction is a question of law to be decided by the superior court, *In re Marriage of Crawford*, 180 Ariz. 324, 326 (App. 1994), we review the superior court's determination *de novo, Waldren*, 217 Ariz. at 175, ¶ 6. Once a court determines it lacks subject matter jurisdiction, it has no authority to address the merits of a case. *Washburn v. Pima County*, 206 Ariz. 571, 575, ¶ 7 (App. 2003).

**¶9**   In their decree of dissolution, Husband and Wife agreed that Husband's spousal maintenance obligation would not be modifiable by the court and in this proceeding neither party argued the decree was the product of a fraud on the court. We thus conclude that the superior court correctly dismissed Husband's Petition to Terminate because the parties' agreement satisfied the statutory requirements of § 25-317(G). *See Waldren*, 217 Ariz. at 175, 177, ¶¶ 6, 18.

**¶10**     The superior court, however, retains jurisdiction to assess one spouse's equitable defenses to the other spouse's efforts to collect the non-modifiable spousal maintenance. *See Coburn v. Rhodig*, 243 Ariz. 24, 26, ¶ 10 (App. 2017) ("Application of equitable defenses in response to a petition to collect arrearages does not require the court to modify or terminate the decree and thus would not violate A.R.S. § 25-317(G)."). If a spouse can establish an equitable defense "by clear and compelling evidence, the court need only deny [the other spouse's] petition to enforce." *Id.; cf. Waldren*, 217 Ariz. at 177, ¶¶ 18, 21 (holding superior court has no jurisdiction to grant a petition for termination of a non-modifiable spousal maintenance). An evidentiary hearing, however, must be conducted to determine the validity of a party's equitable defense. *See Coburn*, 243 Ariz. at 27, ¶ 15. Any proceeding regarding Wife's Petition to Collect that occurred after Husband sought appellate review of the court's dismissal of his Petition to Terminate is not properly before this Court and will not be considered.

**¶11**     On appeal, both parties request we award them reasonable attorneys' fees pursuant to A.R.S. § 25-324, arguing the other's position on appeal was unreasonable. In our discretion, we decline to award attorneys' fees to either party. Upon compliance with the Arizona Rules of Appellate Procedure 21, we award taxable costs to Wife because she is the prevailing party.

## CONCLUSION

**¶12**     For the foregoing reasons, we affirm the superior court's dismissal of Husband's Petition to Terminate non-modifiable spousal maintenance, but emphasize that this decision does not preclude Husband from asserting the same facts and arguments in his defense to Wife's Petition to Collect.

