IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Plaintiff/Appellant,*

*v.*

BHAJANPAL S. CHOPRA,
*Defendant/Appellee.*

No. 2 CA-CV 2016-0086
Filed December 20, 2016

---

Appeal from the Superior Court in Pima County
No. C20160619
The Honorable Richard D. Nichols, Judge

**AFFIRMED**

---

COUNSEL

Barbara LaWall, Pima County Attorney
By Nicolette Kneup, Tucson
*Counsel for Plaintiff/Appellant*

Nesci & St. Louis, P.L.L.C., Tucson
By Michelle L. Behan and Joseph P. St. Louis
*Counsel for Defendant/Appellee*

**OPINION**

Judge Miller authored the opinion of the Court, in which Presiding Judge Vásquez and Chief Judge Eckerstrom concurred.

M I L L E R, Judge:

**¶1**  The state appeals the superior court's order in a special action arising out of the justice court's ruling directing the state to disclose the results of other blood tests in the same test batch as defendant Bhajanpal Chopra's. Determining the superior court did not abuse its discretion in declining special action jurisdiction, we affirm.

**Factual and Procedural Background**

**¶2**  In February 2015, Chopra was charged in justice court with driving while impaired by alcohol to the slightest degree and driving with a blood alcohol concentration of .08 or more. Law enforcement officers collected a blood sample from Chopra during the course of their investigation. The state alleged a test of the blood sample showed Chopra's blood alcohol concentration surpassed the legal limit.

**¶3**  Chopra moved for disclosure of "all chromatograms and batch data generated for every sample tested" on the same date as Chopra's sample, in order to determine "whether the results of laboratory testing conducted in this case are reliable." The state opposed the motion, arguing other people's test results were irrelevant to Chopra's case, and that Chopra's request amounted to a mere "fishing expedition." The trial court granted Chopra's motion and ordered disclosure.

**¶4**  The state challenged that ruling by special action in the superior court. After oral argument on the petition, the court concluded in a signed minute entry: "The court finds that the trial court's ruling was not clearly erroneous or an abuse of discretion.

Given the limited nature of the disclosure required, this Court declines to accept jurisdiction." The state now appeals.

## Jurisdiction

**¶5** Chopra argues we lack appellate jurisdiction, pointing out that no subsection of A.R.S. § 13-4032, the statute governing state criminal appeals, authorizes an appeal in this situation. The state did not file a reply, but in its opening brief cites A.R.S. § 12-2101 as authority for this court's jurisdiction. The applicability of § 13-4032 to an appeal by the state from an adverse special action ruling in the superior court has not been addressed previously. Although in many circumstances a party's failure to respond to an argument is regarded as a concession to the proponent's claim, we are required to examine our own jurisdiction independently. *Ghadimi v. Soraya*, 230 Ariz. 621, ¶ 7, 285 P.3d 969, 970 (App. 2012).

**¶6** A party may appeal as prescribed by law. *See* Ariz. Const. art. VI, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031; *see also State v. Bayardi*, 230 Ariz. 195, ¶ 6, 281 P.3d 1063, 1065 (App. 2012) ("Our appellate jurisdiction is purely statutory."). In this circumstance, however, the parties disagree whether the more general appeal statute, § 12-2101, or the more specific state criminal appeal statute, § 13-4032, applies. It is true that, in general, the more specific statute controls over the less specific statute. *See, e.g.*, *Pinal Vista Props., L.L.C. v. Turnbull*, 208 Ariz. 188, ¶ 23, 91 P.3d 1031, 1037 (App. 2004). Moreover, there is internal consistency to Chopra's contention that an appeal from a special action in a criminal case is analogous to an appeal challenging a criminal conviction or dismissal of a conviction. *Cf.* A.R.S. §§ 13-4032, 13-4033. And, if this case was pending in superior court rather than a court of limited jurisdiction, a discovery ruling of this type could not be challenged by the state via direct appeal in this court; rather, the exclusive remedy would be a special action petition. *See, e.g.*, *State v. Bejarano*, 219 Ariz. 518, 200 P.3d 1015 (App. 2008).

**¶7** Nevertheless, an appeal from a special action in the superior court is civil in nature. This is so even if, as here, the underlying proceeding is criminal. *See, e.g.*, *Urs v. Maricopa Cty. Attorney's Office*, 201 Ariz. 71, 31 P.3d 845 (App. 2001) (hearing as

civil appeal superior court's grant of relief on special action petition concerning right to jury trial for defendant charged with misdemeanor reckless driving). Accordingly, this court has previously looked to § 12-2101 rather than § 13-4032 for jurisdiction in state appeals from superior court special actions in DUI cases. *See, e.g., State v. Cooperman*, 230 Ariz. 245, ¶¶ 2, 5, 282 P.3d 446, 448, 449 (App. 2012); *Bohsancurt v. Eisenberg*, 212 Ariz. 182, ¶¶ 4-5, 129 P.3d 471, 473 (App. 2006).

¶8 Paragraph (A)(1) of § 12-2101 permits appeal "[f]rom a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court," subject to an inapposite exception. Likewise, Rule 8(a), Ariz. R. P. Spec. Act., provides "[a] decision of a Superior Court in a special action shall be reviewed by appeal where there is an equally plain, speedy, and adequate remedy by that means." *See also Stant v. City of Maricopa Emp. Merit Bd.*, 234 Ariz. 196, ¶ 12, 319 P.3d 1002, 1006 (App. 2014) (Rule 8(a) "gives [this] court procedural flexibility to expedite our review of a superior court's special action decision, either by processing the case as an ordinary appeal, a modified appeal, or a special action within this court"). We conclude that § 12-2101(A)(1) grants us appellate jurisdiction over the superior court's final judgment in a special action. *Accord Cooperman*, 230 Ariz. 245, ¶¶ 2, 5, 282 P.3d at 448, 449; *Bohsancurt*, 212 Ariz. 182, ¶¶ 4-5, 129 P.3d at 473.

## Analysis

¶9 We conduct a bifurcated review of a superior court's ruling on a petition for special action. *Stapert v. Ariz. Bd. of Psychologist Exam'rs*, 210 Ariz. 177, ¶ 22, 108 P.3d 956, 961 (App. 2005). We first determine whether the superior court accepted special action jurisdiction. *Id.* If it declined special action jurisdiction, we determine only whether it abused its discretion by doing so. *Id.* If it accepted special action jurisdiction, then we review the decision on the merits. *Id.*

¶10 The state argues we should review the superior court's decision "on its merits" because the court determined the trial court had not abused its discretion. Chopra argues, however, that the

superior court declined special action jurisdiction. We agree with Chopra. The court's order plainly stated, "[T]his Court declines to accept jurisdiction." Although the order also included a finding that "the trial court's ruling was not clearly erroneous or an abuse of discretion," we agree with Chopra that this statement is reasonably regarded as a partial explanation of the court's rationale for declining special action jurisdiction, as opposed to a ruling on the merits. *Cf. Amos v. Bowen*, 143 Ariz. 324, 327, 693 P.2d 979, 982 (App. 1984) (special action jurisdiction may be appropriate if trial court has committed plain and obvious error).

¶11        Because the superior court declined jurisdiction over the state's special action, the only question before us is whether such declination was an abuse of discretion. *See Files v. Bernal*, 200 Ariz. 64, ¶ 2, 22 P.3d 57, 58 (App. 2001). We conclude it was not, for the very reasons the declination order suggested. Chopra argued in the trial court that he should have access to the whole batch of chromatograms as a matter of fairness and due process because the state's expert would review the whole batch in the course of his or her technical review. The superior court reasonably could have concluded that the trial court did not clearly err by accepting this argument, thus undermining one possible reason to accept special action jurisdiction—to correct a plain and obvious error. *Cf. Amos*, 143 Ariz. at 327, 693 P.2d at 982.

¶12        Furthermore, the superior court emphasized the "limited nature of the disclosure required" in declining jurisdiction, indirectly indicating that the discovery request in this case was not a matter of statewide importance. *Cf. Sanchez v. Gama*, 233 Ariz. 125, ¶¶ 4-5, 310 P.3d 1, 3 (App. 2013) (special action jurisdiction may be warranted as to issues of statewide importance). The court's conclusion as to this jurisdictional consideration also was not a clear abuse of discretion.

¶13        Finally, the superior court did not abuse its discretion when it followed the general practice declining special action jurisdiction in a discovery dispute. *See Jolly v. Superior Court*, 112 Ariz. 186, 188, 540 P.2d 658, 660 (1975) ("The fact that this Court does not routinely entertain petitions for extraordinary relief on discovery matters is apparent by the paucity of occasions in the past

on which we have accepted jurisdiction over such actions."); *see also Yuma Reg'l Med. Ctr. v. Superior Court*, 175 Ariz. 72, 74, 852 P.2d 1256, 1258 (App. 1993) (special action relief generally not appropriate mechanism for resolving discovery disputes); *Lang v. Superior Court*, 170 Ariz. 602, 604, 826 P.2d 1228, 1230 (App. 1992) (same).

## Disposition

¶14     We affirm the superior court's ruling.