NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LARRY JOSEPH PRINCE, *Appellant*,

*v.*

ARIZONA DEPARTMENT OF CORRECTIONS, et al., *Appellees*.

No. 1 CA-HC 17-0005
FILED 8-7-2018

Appeal from the Superior Court in Maricopa County
Nos.  CV 2016-092968
CV 2017-004733
(Consolidated)
The Honorable David M. Talamante, Judge

**AFFIRMED**

COUNSEL

The Gieszl Firm, Phoenix
By Holly R. Gieszl
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Kelly Gillilan-Gibson
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

**¶1** Larry Joseph Prince appeals the superior court's orders dismissing his special action complaint and his amended petition for writ of habeas corpus. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** Prince was convicted of first-degree murder and sentenced to death in the 1980s. *See State v. Prince*, 160 Ariz. 268, 270 (1989). Our supreme court modified his death sentence to a life sentence without possibility of parole for 25 years. *Id.* at 276. After 25 years' imprisonment, the Arizona Board of Executive Clemency ("Board") granted him parole and he was released from prison in 2010.

**¶3** In April 2011, the Board held a parole hearing to determine whether it should revoke Prince's parole because he allegedly violated his parole conditions by testing positive for drugs and by submitting diluted urine samples. The hearing was continued to June 2011, at which time the Board revoked his parole.

**¶4** Prince filed a special action petition in superior court challenging the revocation, which the court denied. Prince timely appealed and this court concluded the Board did not satisfy due process requirements for a revocation hearing because it failed to "provide a written statement of the reason for revoking parole." *Prince v. Ariz. Bd. of Exec. Clemency*, 1 CA-CV 12-0148, 2013 WL 2096396, at *3, ¶ 18 (Ariz. App. May 14, 2013) (mem. decision). We vacated the superior court's order and remanded it to the Board to determine whether Prince was delinquent under Arizona Revised Statutes ("A.R.S.") section 31-417. *Id.*

**¶5** In October 2013, the Board conducted a hearing on remand and declined to revoke Prince's parole status. Unbeknownst to the Board, however, Prince had pled guilty to a class 2 felony in August 2013—after our May 2013 memorandum decision, but before the Board's October 2013 hearing. The Board was also unaware that the Arizona Department of

Corrections ("Department") had issued and served Prince with Request for Warrant of Arrest #2013W3260. Prince then waived his right to a preliminary "recission [sic]/revocation hearing."

¶6          In March 2014, the Board held a revocation hearing; Prince participated telephonically and his attorney appeared in person. Prince admitted that in August 2013 he pled guilty to the class 2 felony and that he received a six-year prison sentence. After considering the evidence, the Board verbally announced that it found Prince violated conditions of his parole and lapsed into criminal ways. The Board therefore unanimously voted to revoke his parole. The Board's written order indicated it was revoking Prince's parole based on information in warrant number "[20]13W3260."[1]

¶7          In August 2016, Prince filed a 37-page (excluding exhibits), *pro per* special action complaint (CV2016-092968) against the Board and the Department requesting in part that the superior court set aside Warrant 2013W3260 and the Board's March 2014 order. The court declined to accept Prince's special action and dismissed it in an unsigned minute entry order in February 2017. Prince filed a motion for reconsideration. The Board filed a motion for the court to rule on Prince's motion for reconsideration, or, in the alternative, to remand the matter to the Board to amend the written findings to include the word "delinquent" if the court found it would not impact the substance of the Board's previous decision. The court denied Prince's motion for reconsideration in April 2017 and thus concluded the Board's request was moot.

¶8          In April 2017, represented by counsel, Prince filed a petition for habeas corpus in the superior court (CV2017-004733) requesting he be released on parole because the Board's March 2014 findings were insufficient in that they "failed to provide any written finding of delinquency" and were "legally ineffective." In May 2017, the Board conducted a hearing to amend its March 2014 order to reflect its verbal findings.

¶9          Prince then filed an amended petition for writ of habeas corpus. The superior court consolidated the special action and habeas

---

[1]      Warrant number 2013W3260 alleged that Prince was "in violation of Arizona Condition of Supervision #5, as demonstrated by his involvement in illegal drug transactions on or about 11/14/2010 in Maricopa County, Arizona."

corpus proceedings. The court later denied Prince's request for habeas corpus relief, finding the writ was not available to an inmate seeking anything short of absolute release.

**¶10** Prince timely appealed. We have jurisdiction over the special action complaint pursuant to A.R.S. § 12–2101(A)(1) and, as explained below, we treat the habeas corpus matter as a special action.

## DISCUSSION[2]

### A. Special Action

**¶11** The superior court has discretion to accept or decline jurisdiction over a special action. *Stapert v. Ariz. Bd. of Psychologist Exam'rs*, 210 Ariz. 177, 182, ¶ 21 (App. 2005). "We conduct a bifurcated review of a superior court's ruling on a petition for special action." *State v. Chopra*, 241 Ariz. 353, 355, ¶ 9 (App. 2016). If the court accepted jurisdiction, we review the decision on the merits. *Id.* If it declined jurisdiction, "we determine only whether it abused its discretion by doing so." *Id.*

**¶12** Prince's special action complaint sought to set aside Warrant 2013W3260, the Board's revocation of his parole in March 2014, and various administrative decisions made by the Department relating to his confinement. The superior court identified Prince's "underlying allegation" as being "denied due process" and "challenging the [Board's] consideration of the plea agreement reached in CR2011-007328." The court recognized, however, that Prince confused the terms of the plea agreement relating to sentencing enhancements in CR2011-007328 and the Board's later revocation of his parole based on consideration of his conviction in that matter. The court then ruled as follows:

---

[2] Our review of this appeal has been hampered by Prince's failure to include pertinent record cites in his appellate briefing. Although he attached several exhibits to his opening brief, they include only a handful of the many superior court records he purportedly relies on. *See* ARCAP 13(d) (briefs that reference other parts of the record must cite to where that material appears). Prince attached several exhibits to his opening brief, but they did not comply with ARCAP 13.1, which sets forth specific requirements for an appendix. Prince also included a lengthy timeline of his parole and revocation proceedings as Exhibit 6, which we do not consider because it is not part of the record on appeal. We therefore consider Prince's appeal based on our own review of the record.

> [The Board] and its members acted within their discretion in considering [Prince's] conviction in CR 2011-007328 in making a decision relating to his parole.
>
> . . . [Prince] has failed to show substantive due process violation in support of the Special Action.
>
> For these reasons and the reasons set forth in the response of the [Board] and the [Department],
>
> The Court declines to accept [Prince's] Special Action for further proceedings.

The court therefore dismissed Prince's special action complaint with prejudice.

**¶13** Prince failed to develop and thus waived his purported challenges to the special action ruling. For instance, Prince argues in his opening brief that the superior court erred by summarily disposing his complaint because he "sought discovery, depositions, and an evidentiary hearing, all of [which] was essential to adjudicate the merits of the relief sought." He asserts an "excerpt" from his petition for special action raised detailed facts and complex legal issues, and then cites only two examples of evidence he sought—evidence of wiretaps that might not exist and evidence to "demonstrate that his [security threat group] validation arose from staff retaliation."

**¶14** Merely citing examples of what discovery he might have been able to pursue in the superior court does not satisfy his burden of showing how the superior court erred. Prince also fails to cite supporting authority or identify any portion of the record where he actually sought discovery from the Board or the Department, or took any other action to obtain the records he suggests were essential to his claim. Because Prince has failed to develop this vague assertion about seeking discovery or raise any other meaningful arguments relating to his special action complaint, he has waived any contention that the court erred in dismissing it. *See State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004) (finding waiver because the defendant "[m]erely mention[ed] an argument"); *State v. Greenberg*, 236 Ariz. 592, 598, ¶ 24 (App. 2015) (finding an argument waived because the defendant "d[id] not present significant arguments, supported by authority, setting forth his position" (internal quotation omitted)).

### B. Habeas Corpus

**¶15** Prince appears to argue the superior court erred by denying him habeas corpus relief. Alternatively, if a petition for habeas corpus was not the appropriate procedural avenue under these circumstances, he suggests it should have been treated as a special action.

**¶16** The superior court did not err in dismissing Prince's petition for habeas corpus relief. Prince asked to be returned to parole for his murder conviction. Arizona courts, however, may not grant a writ of habeas corpus "to order something less than 'absolute release.'" *Long v. Ariz. Bd. of Pardons & Parole*, 180 Ariz. 490, 494 (App. 1994) (quoting *Escalanti v. Dep't of Corr.*, 174 Ariz. 526, 527 n.1 (App. 1993)). Because Prince seeks reinstatement of parole, he is merely pursuing a change in the nature of his custody, not an absolute release. *See Sims v. Ryan*, 181 Ariz. 330, 332 (App. 1995) (holding habeas corpus improper because Sims sought parole rather than absolute discharge).

**¶17** Prince contends that *Long* and *Sims* do not control because "both involve a single case and a transfer of custody from incarceration to parole status in a single case," whereas Prince is "not seeking transfer from one custody level to another in the same action." We are not persuaded; Prince's requested relief falls short of "absolute release." Accordingly, we affirm the superior court's dismissal of Prince's petition for writ of habeas corpus.

**¶18** Prince asserts that even if he improperly sought relief through a habeas corpus petition, it could still be treated as a special action. Indeed, case law provides that we may consider an improperly filed petition for writ of habeas corpus as a special action. *See, e.g.*, *Long*, 180 Ariz. at 494-95. In our discretion, we address the merits of Prince's amended petition for habeas corpus as a special action.

**¶19** Prince argues the Board did not have jurisdiction to revoke his status in March 2014. He asserts the Board could not have revoked his parole because the Board may only revoke parole *after* a prisoner enters the status of parolee and he was not on parole in March 2014.

**¶20** Contrary to Prince's argument, he was on parole in March 2014. Although imprisoned on the drug charge, his parole on the murder charge was not yet revoked. *See* A.R.S. § 31-411(D) ("If parole is granted, the prisoner shall remain on parole unless the board revokes the parole. . . ."); Ariz. Admin. Code R5-4-101(11) ("'Revocation' means an act by the Board that terminates an inmate's release because of a violation of a release

condition."). Because Prince was on parole, the Board had jurisdiction to revoke his status. Prince neither develops an argument to the contrary nor points us to authority indicating this is improper. Similarly, Prince briefly references parole "rescission" and that the Board never pursued it. Prince does not cite any authority supporting this argument; therefore, it is waived. *Moody*, 208 Ariz. at 452 n.9, ¶ 101.[3]

**¶21** Prince's second contention is that the Board did not have jurisdiction to conduct its May 2017 hearing where it further explained its March 2014 revocation decision as follows:

> Basis for corrected parole revocation violation hearing results: This written disposition has been corrected on this date, May 10, 20l7, to reflect the oral findings of the board at the hearing held on March 27, 2014. During the March 27, 2014 hearing the board found that Mr. Prince had pled guilty to a new felony conviction, therefore he violated his terms and conditions of supervision, and had lapsed into criminal ways and/or company and was delinquent.

Prince asserts the May 2017 hearing "was conducted under the guise of making 'technical corrections' to its 2014 written decision." Prince does not argue the Board's actions were improper, nor does he cite any legal authority to support his argument that the Board did not have jurisdiction to issue additional findings that confirmed its prior verbal findings. He thus waived this argument. *Greenberg*, 236 Ariz. at 598, ¶ 24.

---

[3] We do not consider the additional issues Prince identifies for the first time in the reply brief, such as: (1) lack of notice of conditions on parole, (2) an expansion of the rescission argument discussed above, and (3) errors in the warrant. *See Wasserman v. Low*, 143 Ariz. 4, 9 n.4 (App. 1984) ("An issue first raised in a reply brief will not be considered on appeal.").

**CONCLUSION**

**¶22** We affirm the superior court's orders denying Prince's special action complaint and amended petition for writ of habeas corpus.



AMY M. WOOD • Clerk of the Court
FILED:  AA