NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JOHNSON UTILITIES LLC, *Plaintiff/Appellant,*

*v.*

ARIZONA CORPORATION COMMISSION, *Defendant/Appellee.*

---

SWING FIRST GOLF, LLC, *Real Party in Interest/Appellee.*

---

No. 1 CA-CV 18-0170
FILED 1-15-2019

---

Appeal from the Superior Court in Maricopa County
No. LC2017-000135-001
The Honorable Patricia Ann Starr, Judge

**AFFIRMED**

---

COUNSEL

Fredenberg Beams, Phoenix
By Christian C.M. Beams
*Co-Counsel for Plaintiff/Appellant*

Crockett Law Group PLLC, Phoenix
By Jeffrey W. Crockett
*Co-Counsel for Plaintiff/Appellant*

Arizona Corporation Commission, Phoenix
By Andy M. Kvesic, Robin R. Mitchell, Maureen A. Scott, M. Regina
Huerta
*Counsel for Defendant/Appellee*

Craig A. Marks PLC, Phoenix
By Craig A. Marks
*Counsel for Real Party in Interest/Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

**¶1** Johnson Utilities LLC ("Johnson") appeals the superior court's orders (1) dismissing Johnson's appeal of Decision No. 75616 of the Arizona Corporation Commission ("the Commission"), which denied Johnson's motion to dismiss a complaint filed by Swing First Golf, LLC ("Swing First"), and (2) denying Johnson's motion for new trial. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2** Swing First owns and operates the Johnson Ranch Golf Course in Pinal County. Johnson provides water and sewer utility services in the San Tan Valley. For many years, Swing First has purchased effluent from Johnson as a means of irrigating its golf course.[1]

**¶3** Since 2008, Swing First and Johnson have been involved in several disputes, and Swing First has filed three separate complaints against Johnson with the Commission. The subject matter of each complaint has involved the sale and delivery of effluent.

**¶4** In January 2016, Swing First filed its most recent complaint with the Commission, alleging in part that (1) Johnson had unilaterally decided to discontinue providing effluent to Swing First and other effluent customers, (2) Johnson had failed to seek prior Commission approval

---

[1] Effluent is "water that has been collected in a sanitary sewer for subsequent treatment in a facility that is regulated pursuant to title 49, chapter 2. [*See* Ariz. Rev. Stat. ("A.R.S.") §§ 49-201 to -391.] Such water remains effluent until it acquires the characteristics of groundwater or surface water." A.R.S. § 45-101(4) (footnote omitted). According to Swing First, Johnson delivers Class A+ reclaimed water, the highest grade that can be used for irrigation purposes.

before discontinuing its tariffed effluent service, and (3) such actions were unlawful and not in the public interest. Johnson moved to dismiss the complaint, arguing in part that (1) the claims alleged in Swing First's complaint were barred by the doctrine of res judicata and (2) the Commission lacked jurisdiction to direct Johnson on how to use its effluent.

¶5 After extensive briefing, a procedural conference conducted by an administrative law judge ("ALJ"), and consideration of the ALJ's recommended opinion and order, the Commission issued Decision No. 75616 denying the motion to dismiss and ordering further proceedings related to the issues raised in Swing First's complaint. The Commission's order concluded in part that (1) Swing First's claims were not barred by res judicata and (2) the Commission had jurisdiction over both Johnson and the subject matter of the complaint. Johnson's motion for rehearing was deemed denied by operation of law.

¶6 In September 2016, Johnson filed a complaint in superior court both as an appeal of Decision No. 75616 and as a special action. The Commission's answer raised jurisdictional issues, and after briefing and oral argument, the court took the question of its jurisdiction under advisement. In October 2017, the court dismissed the appeal, concluding it did not have jurisdiction over the matter, either as an administrative or statutory appeal, and declining to exercise special action jurisdiction. Later, the court denied Johnson's motion for new trial. *See* Ariz. R. Civ. P. 59.

¶7 Although Johnson's motion for new trial might be more properly characterized as a motion for reconsideration, *see* Ariz. R. Civ. P. 7.1(e), that characterization does not, on this record, affect the timeliness of Johnson's appeal to this court, *see Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126, ¶¶ 3-4 (App. 2014). Accordingly, we have jurisdiction over Johnson's timely appeal. *See* A.R.S. § 12-913 ("The final decision, order, judgment or decree of the superior court entered in an action to review a decision of an administrative agency may be appealed to the supreme court."); *see also State v. Chopra*, 241 Ariz. 353, 355, ¶ 8 (App. 2016) (concluding that A.R.S. § 12-2101(A)(1) grants this court appellate jurisdiction over the superior court's final judgment in a special action); *accord State v. Bayardi*, 230 Ariz. 195, 201, ¶¶ 24-26 (App. 2012) (Thompson, J., concurring).

## ANALYSIS

¶8 Johnson argues that the statutes providing for judicial review of Commission orders do not limit review to final actions, and the superior

court (1) erred in determining Decision No. 75616 was not a final order under the review provisions of the Administrative Procedures Act, *see* A.R.S. §§ 12-901 to -914, and therefore constituted a non-appealable interlocutory order; (2) erred in determining that Decision No. 75616 was not appealable under A.R.S. § 40-254; and (3) abused its discretion by declining jurisdiction over Johnson's interlocutory appeal.

### I. Standards of Review

**¶9** We review *de novo* questions of law, including the superior court's dismissal for lack of jurisdiction. *See Coombs v. Maricopa Cty. Special Health Care Dist.*, 241 Ariz. 320, 321, ¶ 5 (App. 2016); *In re Marriage of Crawford*, 180 Ariz. 324, 326 (App. 1994). We will affirm the superior court's ruling if it is legally correct for any reason. *See State v. Espinoza*, 229 Ariz. 421, 424, ¶ 15 (App. 2012); *Dube v. Likins*, 216 Ariz. 406, 417 n.3, ¶ 36 (App. 2007). As a general rule, "[a]n order denying a motion to dismiss is an interlocutory, nonappealable order." *Qwest Corp. v. Kelly*, 204 Ariz. 25, 27, ¶ 3 (App. 2002) (citation omitted); *accord N. Propane Gas Co. v. Kipps*, 127 Ariz. 522, 525 (1980) ("[T]he proper procedure for appellate review of a motion to dismiss is through a petition for special action.").

**¶10** We review for an abuse of discretion the superior court's order declining to accept special action jurisdiction. *See Stapert v. Ariz. Bd. of Psychologist Exam'rs*, 210 Ariz. 177, 182, ¶ 22 (App. 2005). "An abuse of discretion occurs where the court's reasons for its actions are 'clearly untenable, legally incorrect, or amount to a denial of justice.'" *Bowen Prods., Inc. v. French*, 231 Ariz. 424, 427, ¶ 9 (App. 2013) (citation omitted). The exercise of special action jurisdiction is rarely appropriate to review the denial of a motion to dismiss. *Citizen Publ'g Co. v. Miller*, 210 Ariz. 513, 516, ¶ 7 (2005).

### II. Johnson's Administrative Appeal

**¶11** Under A.R.S. § 12-905(A), "[j]urisdiction to review final administrative decisions is vested in the superior court." To the extent a question exists whether Decision No. 75616 may be construed as a final decision of the Commission, the superior court concluded, and we agree, that the denial of Johnson's motion to dismiss constitutes an interlocutory order not normally subject to immediate appeal. *See generally In re Merle's Inc.*, 481 F.2d 1016, 1018 (9th Cir. 1973) ("An interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the

4

merits." (citations omitted)). Decision No. 75616 decided only Johnson's preliminary motion to dismiss and ordered the Commission's Hearing Division to conduct further proceedings related to the issues raised in Swing First's complaint. Those proceedings will allow for the development of a full factual record that will benefit both the parties and the courts. Moreover, Decision No. 75616 also effectively required the parties to maintain the status quo until the Commission issues a final order regarding the underlying issues in Swing First's complaint.

¶12 Under A.R.S. § 12-901(2), "unless the context otherwise *requires*," an "'[a]dministrative decision' or 'decision' means any decision, order or determination of an administrative agency that is rendered in a case, that affects the legal rights, duties or privileges of persons and *that terminates the proceeding before the administrative agency*." (Emphasis added.) Even assuming *arguendo* that Decision No. 75616 might be construed as affecting the parties' legal rights, duties, or privileges, that decision does not terminate the proceeding before the administrative agency. Instead, it simply means the parties will have a hearing before the Commission. Accordingly, the superior court did not err in determining that Decision No. 75616 is not a final administrative order from which Johnson may appeal.

### III. *Johnson's Statutory Appeal Under A.R.S. § 40-254*

¶13 Johnson argues that, even if Decision No. 75616 is not a final order or decision, the superior court nonetheless had jurisdiction to consider the decision under A.R.S. § 40-254, the Commission's own review statute, which Johnson maintains permits interlocutory appeals because the statute contains no express limitation on the appealability of interlocutory orders. As applicable, § 40-254(A) provides in part as follows:

> Except as provided in § 40-254.01 [which addresses orders relating to rate making or rate design], any party in interest, or the attorney general on behalf of the state, being dissatisfied with an order or decision of the commission, may within thirty days after a rehearing is denied or granted, and not afterwards, commence an action in the superior court in the county in which the commission has its office, against the commission as defendant, to vacate, set aside, affirm in part, reverse in part or remand with instructions to the commission such order or decision on the ground that the valuation, rate, joint rate, toll, fare, charge or finding, rule, classification or schedule, practice, demand, requirement, act or service

provided in the order or decision is unlawful, or that any rule, practice, act or service provided in the order is unreasonable.

¶14 The superior court found that, although Decision No. 75616 was an "order" of the Commission, it was still an interlocutory order, and further, "Johnson's appeal was not within the purview of A.R.S. § 40-254(A)" because it did not involve a "valuation, rate, toll, fare, charge or finding, rule, classification or schedule, practice, demand, requirement, act or service." In other words, the court concluded that the list provided in subsection (A), although extensive, was designed to address the substantive merits, and should not be read broadly to include "a decision finding that the Commission has jurisdiction, and denying Johnson's motion to dismiss the proceeding." The court therefore concluded "the interlocutory order of the Commission is not reviewable under A.R.S. § 40-254(A)."

¶15 We agree with the superior court that nothing in A.R.S. § 40-254(A) expressly expands the superior court's authorized statutory review to include interlocutory orders, which are generally only reviewable through discretionary special action review, and we decline to broadly interpret § 40-254(A) as including interlocutory appeals. *See generally Woodward v. Ariz. Corp. Comm'n*, 1 CA-CV 15-0825, 2016 WL 6595889, at *2, ¶ 6 (Ariz. App. Nov. 8, 2016) (mem. decision) (recognizing that compliance with A.R.S. § 40-253 is a precursor to filing for review under § 40-254, and suggesting the language and statutory placement of § 40-253(A) supports that review under § 40-254(A) is restricted to final orders or decisions of the Commission); *cf. Kunkle Transfer & Storage Co. v. Superior Court*, 22 Ariz. App. 315, 318 (1974) ("Nor can the courts presume to review Commission actions where the Commission has not made a final determination.").

IV. *Special Action Jurisdiction*

¶16 Johnson also argues the superior court abused its discretion in declining to accept special action jurisdiction.

¶17 Courts generally "do not favor accepting special action jurisdiction to review the propriety of interlocutory orders and pretrial rulings." *Piner v. Superior Court*, 192 Ariz. 182, 184, ¶ 8 (1998) (citation omitted). A court should accept special action jurisdiction only in "extraordinary circumstances," and not when there is an equally plain, speedy, and adequate remedy by appeal. *Stapert*, 210 Ariz. at 182, ¶ 21; Ariz. R.P. Spec. Act. 1(a). An appeal after administrative remedies have been exhausted is an adequate remedy by appeal. *See Stapert*, 210 Ariz. at 182, ¶ 24.

¶18 In this case, there has been no hearing or final decision on the underlying merits of Swing First's complaint, and the issues raised before the Commission involve not only questions of law, but questions of fact that require a fully developed record. *See Piner*, 192 Ariz. at 185, ¶ 10; *Mullet v. Miller*, 168 Ariz. 594, 595 (App. 1991). Moreover, although Johnson characterizes Swing First's complaint as a mere breach of contract action, Swing First's allegations appear to implicate matters beyond the simple question of whether a contract between the parties has been breached — matters potentially within the Commission's jurisdiction. Further, the superior court correctly concluded that Johnson has an adequate remedy by appeal after administrative remedies have been exhausted. Finally, Johnson has not shown this matter is of statewide importance or that special action jurisdiction is warranted to protect an important public interest, *see Ingram v. Shumway*, 164 Ariz. 514, 516 (1990), or that, on this record, the Commission has committed a plain and obvious error by denying the motion to dismiss, *see Chopra*, 241 Ariz. at 355-56, ¶¶ 10-11, and is clearly proceeding without or in excess of its jurisdiction or legal authority, *see* Ariz. R.P. Spec. Act. 3(b). Accordingly, Johnson has not shown that this case presents an exception to the general rule that the exercise of special action jurisdiction is rarely appropriate to review the denial of a motion to dismiss. *See Citizen Publ'g Co.*, 210 Ariz. at 516, ¶ 7; *Qwest Corp.*, 204 Ariz. at 27, ¶ 3.

     *V.    Attorneys' Fees on Appeal*

¶19 Johnson requests an award of costs and attorneys' fees on appeal pursuant to A.R.S. § 12-348. Even assuming *arguendo* that Johnson would be eligible for fees under § 12-348(A)(2), Johnson is not the prevailing party, and we deny its request.

## CONCLUSION

¶20 We affirm the superior court's orders dismissing Johnson's appeal of Decision No. 75616 and denying Johnson's motion for new trial.

