NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RICHARD CLAXTON, *Plaintiff/Appellant*,

*v.*

ARIZONA BOARD OF EXECUTIVE CLEMENCY, *Defendant/Appellee*.

No. 1 CA-CV 18-0196
FILED 2-7-2019

Appeal from the Superior Court in Maricopa County
No. CV2017-013458
The Honorable Hugh E. Hegyi, Judge (Retired)

**REVERSED AND REMANDED**

COUNSEL

Richard William Claxton, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Kelly Gillilan-Gibson
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**C R U Z**, Judge:

¶1        Richard Claxton appeals the superior court's order declining jurisdiction over his complaint challenging the revocation of his parole. For the following reasons, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2        The Arizona Board of Executive Clemency (the "Board") released Claxton on parole in 2014. Three years later, Claxton became involved in a custody dispute between his girlfriend, Laura Cavness, and her daughter, Caitlin Cavness, concerning Laura's son. As a result, Caitlin and her husband, Carl Engstrand[1], obtained an injunction prohibiting Claxton from contacting them or Laura's son. Claxton violated the injunction by calling the son.

¶3        Caitlin and Engstrand notified Claxton's parole officer that he had violated the injunction. The officer instructed Claxton not to have any contact with Caitlin, Engstrand, or Laura's son—including through a third party—and modified Claxton's conditions of parole to include that restriction. Claxton signed a written acknowledgement of the new condition.

¶4        Claxton then allegedly contacted Engstrand through a third party. Engstrand notified Claxton's parole officer about the contact, and the Department of Corrections ("Department") arrested Claxton and returned him to custody. Claxton requested a revocation hearing, after which the Board determined he had violated the terms and conditions of his supervision and revoked his parole.

¶5        Claxton filed a complaint in the superior court seeking special action relief directing the Board to schedule a new hearing at which he could call and cross-examine witnesses and present additional evidence. He asserted that the Board denied him due process of law because it did not allow him to cross-examine his parole officer or Engstrand, did not allow his witness to finish her testimony, and did not allow him to take a polygraph test.

¶6        He also asked the court to declare, under Arizona's Declaratory Judgments Act, Arizona Revised Statutes ("A.R.S.") sections

---

[1]        The record and appellate briefs contain conflicting spellings of Mr. Engstrand's name. We adopt this spelling based on our review of the record and the related custody case.

12-1831 to -1846, that the Board's revocation hearing violated his right to call and cross-examine witnesses, denied him evidence he needed to prove his defense, and did not comply with Department policies. He asked the superior court to declare that there was no evidence to support the Board's determination that Claxton had violated the terms and conditions of his parole.

¶7        The Board urged the superior court to decline jurisdiction of Claxton's complaint and dismiss the action, arguing he had waived his right to present and cross-examine witnesses at the revocation hearing and had not demonstrated he suffered any prejudice. The court declined jurisdiction of the complaint "without prejudice to [Claxton] bringing his claims as an appeal from a lower court order, rather than as a special action."[2]

¶8        Claxton timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1). *See State v. Chopra*, 241 Ariz. 353, 355, ¶ 8 (App. 2016) (concluding § 12-2101(A)(1) confers appellate jurisdiction over the superior court's final judgment declining to accept jurisdiction over a special action).

## DISCUSSION

¶9        Claxton argues the superior court abused its discretion by declining special action jurisdiction of his complaint.

¶10        The superior court has discretion to accept or decline jurisdiction over a special action, *Stapert v. Ariz. Bd. of Psychologist Exam'rs*, 210 Ariz. 177, 182, ¶ 21 (App. 2005), and we conduct a bifurcated review of the court's ruling. *Chopra*, 241 Ariz. at 355, ¶ 9. If the court accepted jurisdiction, we review the decision on the merits. *Id.* If it declined jurisdiction, "we determine only whether it abused its discretion by doing so." *Id.* Although the decision to accept jurisdiction is highly discretionary, *Carrington v. Ariz. Corp. Comm'n*, 199 Ariz. 303, 305, ¶ 6 (App. 2000); Ariz. R.P. Spec. Act. 3, State Bar Committee Note, the court abuses its discretion if it commits an error of law in reaching its decision. *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001); *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455-56

---

[2]        The superior court declined jurisdiction of the complaint and certified under Arizona Rule of Civil Procedure 54(c) that no further matters remained pending. We presume, therefore, that it also intended to, and did, dismiss Claxton's declaratory judgment claim.

(1982) (noting the superior court may abuse its discretion by committing an error of law in the process of reaching a discretionary decision).

¶11          Special action jurisdiction "is appropriate when no equally plain, speedy, and adequate remedy by appeal exists." *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4 (App. 2001) (citations omitted); Ariz. R.P. Spec. Act. 1(a).   The superior court declined jurisdiction of Claxton's complaint, "without prejudice to [him] bringing his claims as an appeal from a lower court order, rather than as a special action."   The court's decision to decline jurisdiction, therefore, appears to have been based upon its belief that Claxton had an equally plain, speedy, and adequate remedy by appeal.   However, Claxton had no right to appeal the Board's decision. *See Sheppard v. Ariz. Bd. of Pardons & Paroles*, 111 Ariz. 587 (1975) (noting that the Administrative Review Act [now the Judicial Review of Administrative Decisions Act] does not apply to the Board of Pardons and Paroles [now the Board of Executive Clemency]); *cf. Rose v. Ariz. Dep't of Corr.*, 167 Ariz. 116, 120-21 (App. 1991) (holding the [Judicial Review of Administrative Decisions Act] does not provide judicial review of Arizona Department of Corrections inmate disciplinary hearings and decisions).

¶12          Because the superior court based its decision to decline special action jurisdiction on an error of law, it abused its discretion. *Files*, 200 Ariz. at 65, ¶ 2; *Grant*, 133 Ariz. at 455-56.   Accordingly, we reverse the court's order declining jurisdiction and remand for the superior court to reconsider Claxton's complaint.

**CONCLUSION**

¶13          For the foregoing reasons, we reverse and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA