NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LARRY DONNELL DUNLAP, *Plaintiff/Appellant,*

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, et al.,
*Defendants/Appellees.*

No. 1 CA-CV 23-0167
FILED 06-04-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-092282
LC2022-000164-001
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Larry Donnell Dunlap, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge David D. Weinzweig joined.

---

**J A C O B S**, Judge:

¶1        Larry Donnell Dunlap appeals the dismissal of his special action complaining that Arizona Department of Economic Security Payment Service ("ADES-PS") illegally withheld part of his stimulus check. The superior court dismissed the special action because Dunlap failed to: (1) name the State of Arizona as a defendant while suing non-jural entities; (2) identify any basis for the court to exercise special action jurisdiction; and (3) plead that he complied with A.R.S. 12-821.01, the notice of claim statute. Because Dunlap fails to demonstrate any error in that dismissal, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In May 2022, Dunlap filed a petition for special action in the superior court against ADES-PS and its director Michael Wisehart. Dunlap alleged the Internal Revenue Service was to send him a stimulus check for $1,233.61 but that the U.S. Treasury deducted $219.30 from that amount because he owed the Arizona Department of Economic Security ("ADES") that amount as indebtedness for unemployment insurance fraud. Dunlap did not plead that he served a notice of a claim under A.R.S. § 12-821.01.

¶3        The State moved to dismiss the special action, arguing: (1) ADES-PS was not a jural entity; (2) Dunlap stated no claim against Wisehart; (3) Dunlap identified no basis justifying special action jurisdiction; and (4) Dunlap failed to plead that he had served the claim letter A.R.S. § 12-821.01 requires before suing the State. Dunlap argued the contrary, but on September 22, 2022, the superior court granted the State's motion to dismiss.

¶4        On October 24, 2022, Dunlap timely appealed. We stayed the appeal and revested jurisdiction in the superior court to add language to the judgment making it final under Arizona Rule of Civil Procedure 54(c). On June 5, 2023, the superior court added the finality language and stated it dismissed Dunlap's case for each of the reasons specified in the State's motion to dismiss.

¶5        We have jurisdiction.  A.R.S. § 12-2101(A)(1); Ariz. Const. art. 6, § 9.

**DISCUSSION**

¶6        We review a superior court's decision to decline special action jurisdiction for an abuse of discretion.  *Bilagody v. Thorneycroft*, 125 Ariz. 88, 92 (App. 1979).  The superior court's order declining jurisdiction of a special action petition is not a decision on the merits.  *State v. Chopra*, 241 Ariz. 353, 355 ¶ 9 (App. 2016).

I.        **The Superior Court Did Not Abuse Its Discretion by Ruling That ADES-PS Is a Non-Jural Entity That Dunlap Could Not Sue.**

¶7        Dunlap asserts that ADES-PS is a jural entity because it is a debt-collector under A.R.S. § 32-1001.  The State maintains ADES-PS is a non-jural entity, making it proper to dismiss Dunlap's special action.

¶8        The State is right.  ADES and ADES-PS are both non-jural entities.  *Braillard v. Maricopa Cnty.*, 224 Ariz. 481, 487 ¶ 12 (App. 2010) (explaining entity may only be sued when statute codifies it); *see generally* A.R.S. §§ 41-1953, -1954 (failing to provide ADES-PS the capacity to sue or be sued).  While Dunlap cites A.R.S. § 32-1001, defining collection agencies, he does not explain how this statute relates to ADES-PS and ADES, A.R.S. § 32-1001(2), or how that makes them jural entities.

¶9        When a plaintiff improperly sues a non-jural entity, it is appropriate to let the plaintiff amend to sue the correct jural entity.  *See* Ariz. R.P. Spec. Act. 4(c); Ariz. R. Civ. Pro. 15.  But the court rightly found amendment futile here because Dunlap also failed to articulate a basis for special action jurisdiction and failed to plead that he had served a claim letter.  Accordingly, the court did not abuse its discretion by finding ADES-PS was a non-jural entity that could not be sued.  *Bilagody*, 125 Ariz. at 92.

II.       **Dunlap Developed No Argument on Appeal That He Properly Sued Wisehart, and the Superior Court Did Not Abuse its Discretion in Finding Dunlap Stated No Claim Against Wisehart.**

¶10       Dunlap developed no argument in this court that he properly sued Wisehart, thus waiving any such claim.  ARCAP 13(a)(7)(A).  Though he named Wisehart as a party, Dunlap provides no justification for suing Wisehart.  Accordingly, the superior court did not err in granting the State's motion to dismiss the claim presented by his petition against Wisehart.  *Bilagody*, 125 Ariz. at 92.

### III.     The Superior Court Did Not Err By Finding Dunlap Failed to Identify Any Basis for Special Action  Jurisdiction.

¶11        The superior court declined to entertain Dunlap's special action in part because he failed to identify any basis for it to take jurisdiction.  And Dunlap's appellate brief fails to explain why the superior court should have exercised its discretion to take jurisdiction under Rule of Procedure for Special Actions 4.  This too is waiver.  ARCAP 13(a)(7)(A).  The superior court acted within its discretion by declining to exercise jurisdiction over Dunlap's claim, because Dunlap failed to show that there was no other speedy or adequate remedy on appeal.  *See Armstrong v. City Court of City of Scottsdale*, 118 Ariz. 593, 594 (App. 1978).

### IV.     The Superior Court Did Not Err By Finding Dunlap Failed to Plead That He Served the Claim Letter A.R.S. § 12-821.01(A) Requires Before Suing the State.

¶12        The State argues Dunlap failed to plead serving it with the notice of his claim A.R.S. § 12-821.01(A) requires.  A.R.S. § 12-821.01(A) ("[p]ersons who have claims against a public entity . . . shall file claims with the person or persons authorized to accept service for the public entity . . . within one hundred eighty days after the cause of action accrues."); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 294 ¶ 1 (2007).  Failure to comply bars claims against the State.  Dunlap asserts in this court that he "filed several notice of claims with the [State] in accordance with A.R.S. § 12-821.01 and the [State] did not respon[d]."

¶13        Dunlap's petition failed to plead that he satisfied A.R.S. § 12-821.01(A).  Moreover, Dunlap's opposition to the State's motion to dismiss his special action claimed to have provided notice to the State on April 12, 2022, while Dunlap's brief in this court claims notice dates of May 2, 2022, and May 15, 2022.  Dunlap's conclusory and inconsistent assertions of compliance do not cure his failure to plead complying with A.R.S. § 12-821.01(A).  The superior court did not abuse its discretion in finding that Dunlap failed to plead this jurisdictional prerequisite to his suit, and therefore did not err by declining to entertain it.  *Bilagody*, 125 Ariz. at 92.

## CONCLUSION

**¶14**　　　　For these reasons, we affirm the superior court's dismissal of Dunlap's petition for special action.



AMY M. WOOD • Clerk of the Court
FILED:　AGFV